M. F. STANCELL v. GEORGE P. BURGWYN.

(Decided February 28, 1899).

*Mutual Accounts—Statute of Limitations.*

Mutuality of accounts may be the result of direct agreement, or it may be inferred from the dealings of the parties—if established, it renders unavailable the defence of the statute of limitations to both parties.

CIVIL ACTION, for goods sold and delivered, tried before *Norwood, J.,* at Fall Term, 1898, of NORTHAMPTON Superior Court.

There was claim and counter-claim; and the statute of limitations was pleaded by each party to the other's account.

The defendant read in evidence a receipt to him from the plaintiff for $15, given after suit begun, which states that the application for the amount shall be determined after "the accounts between us, and now unsettled, are examined and correct balance found," and the money to be refunded, with interest, should there be no balance due.

STANCELL *v.* BURGWYN.

Under instruction from the Court, excepted to by plaintiff, the jury found that the statute of limitations was not applicable, either to the claim of plaintiff or the counter-claim of defendant. Upon this finding, the Court ordered a reference to take and state the account, under section 421 of The Code.

Plaintiff appealed.

*Messrs. R. B. Peebles* and *Thos. W. Mason,* for plaintiff (appellant).

*Messrs MacRae & Day,* for defendant.

MONTGOMERY, J. This action was like the old one of assumpsit for goods and wares sold and delivered by the plaintiff to the defendant. The answer sets up for defence a counter-claim for goods and wares sold to the plaintiff. In the replication the plaintiff pleads the statute of limitations to the counter-claim. The issue joined on the statute of limitations is the only matter before this Court. In the judgment below for the defendant the account between the parties was referred to Thos. N. Hill, Esq., for investigation and report. In the trial the plaintiff and defendant were both examined as witnesses, each for himself, but we think it unnecessary to recite the evidence, for in our view of the case, whether or not the statute of limitations avails, the plaintiff depends upon the plain language and proper construction of a receipt which he gave to the defendant long after this action was commenced and the complaint and answer filed. The receipt is a follows:

"JACKSON, N. C., April 2, 1898.

"Received of George P. Burgwyn the sum of fifteen dollars, which, when the accounts between us and now unset-

tled are examined and correct balance found, if said Burgwyn is indebted to me, said sum is to go as a credit on such sum as may be found to be due me, and if not indebted to me, said sum of fifteen dollars is to be refunded by me to said Burgwyn, with interest from date.

M. F. STANCELL."

That receipt was in evidence, and the Court instructed the jury that if they believed the evidence they should answer the issue as to whether the defendant's claim was barred by the statute "No."

We think there was no error in the instruction. The receipt clearly recognized that there subsisted between the plaintiff and defendant transactions which were not disjointed and disconnected, but mutual ones. It recognized the fact that there had to be an adjustment between them as to these accounts against each other. The principle of mutuality of accounts is founded on the assent of the parties that the accounts shall be continuing and mutual. It is not, however, necessary that this assent must be the result of a direct agreement to that effect; it may be inferred.

No error.