## HEWITT, HERAN & CO. *v.* NOLAN STEWART'S EXECUTOR and D. P. CAIN.

A judicial mortgage results from a *bona fide* judgment, though rendered on the confession of defendant.

A judgment by confession is a "final judgment," for no appeal lies from it.
Code, 3289, 3225; O. P., 567.

APPEAL from the District Court, Sixth District, Parish of West Baton Rouge, *Robertson,* J. *Greves,* for plaintiffs. *R. & H. Marr,* for defendants and appellants.

SPOFFORD, J. Upon the allegation that they had a judicial mortgage against certain slaves now in the possession of *D. P. Cain,* (their judgment debtor,)

but claimed by *Nolan Stewart*, who had purchased them at a Sheriff's sale under execution at the suit of the Clinton and Port Hudson Railroad Company against *Cain*, the plaintiffs brought this hypothecary action to enforce their judgment upon the slaves.

The defendant, *Stewart's executor*, has appealed from a decree ordering these slaves to be sold to satisfy the plaintiffs' judicial mortgage.

It is urged in this court, although the point does not seem to have been made below, that the plaintiffs have no mortgage, because the judgment from which it is supposed to spring, was not rendered in a contested case, or by default, but upon the confession of the defendant.

· The answers of both defendants, filed in the inferior court, would seem to admit the existence of the plaintiffs' mortgage, for, without denying it, they aver the existence of a superior mortgage in favor of the minor children of *Cain*.

And we are of opinion that a judicial mortgage results from a *bona fide* judgment, though rendered upon the confession of the defendant.

The construction of Article 3289, upon which the opposite theory is based, would be too narrow and literal. " The judicial mortgage is that resulting from judgments, whether these be rendered on contested cases, or by default, whether they be final or provisional, in favor of the person obtaining them." Perhaps it would have been better to stop where the Code of 1808 did, in book III, tit. XIX, ch. I, art. 8, p. 452: "The judicial mortgage is that which proceeds from every judgment." But those who suggested the amendments which resulted in the Code of 1825, did not intend to restrict the judicial mortgage to a particular class of judgments; their object seems to have been rather to call attention to the fact that the mortgage was not so restricted, but flowed alike from the various sorts of judgments. A judgment by confession is certainly a "final" judgment, for no appeal lies from it; C. P., 567; it comes therefore within one of the categories which seem to have been named in Article 3289, rather as antithetical specimens of some of the opposite kinds of judgments from which a mortgage may result, than as exclusive of other classes not specially enumerated.

The Article 9 of the old Code, next succeeding the one just quoted, contained a similar antithesis: " The judicial mortgage takes place from the day when the judgment, either on a hearing of the parties or by default, final or subject to an appeal, has been rendered in favor of him who obtained said judgment."

But the framers of the Code of 1825, have given unmistakable proof that they intended mortgages to spring from confessed judgments procured at a time and in a manner not suspicious. Article 3225 declares that " the inscription of a judgment, obtained against a debtor within ten days preceding his failure, shall have no effect against the other creditors of the debtor, if it appears, from the time at which the suit was commenced, and the manner in which it was conducted, that the debtor intended to favor the plaintiff, either by consenting that judgment should be rendered against him without the usual delays, or by not making a defence, or by confessing judgment when the cause admitted of contest."

We see no reason, therefore, for introducing, at this late day, a novel interpretation of an Article of the Code, which, if adopted, would lead to so much confusion.

HEWITT
v.
STEWART.

The only other point made by the appellant, is that the slaves in question were adjudicated to him at a sale made under the anterior mortgage in favor of the Clinton and Port Hudson Railroad Company; that they were included in that mortgage, and that, consequently, he took them free from the subsequent judicial mortgage of the plaintiffs.

This matter is brought before us in disregard of rules of practice, which are important to the certainty of legal proceedings, and to the correct administration of justice. Neither of the defendants pleaded any such defence, but, on the contrary, their answers appear to be inconsistent with it. Instead of objecting, however, to the point being opened in argument here, the counsel for the appellees has proceeded to answer it by a counter argument which raises the plea of *res adjudicata*.

Overlooking these irregularities, we are of opinion that the defence, if it had been pleaded, would have been successfully met by the plea of the thing adjudged. In the suit of *Nolan Stewart* v. *J. R. Allain et al.*, for the erasure of this with other mortgages, the present plaintiffs being cited by *Stewart*, answered specially that the identical slaves now sought to be sold, were not subject to the mortgage of the Clinton and Port Hudson Railroad Company. *Stewart* met the plaintiffs upon that issue, and by the final decree of our predecessors, (8th An., 64,) it was decided against him.

He cannot be permitted to agitate the question anew under the pleadings and evidence contained in this record.

It is, therefore, ordered that the judgment appealed from be affirmed, with costs.