[In Bank. — January 13, 1883.]

R. McCREERY, RESPONDENT, v. E. A. FULLER, ET AL.,
APPELLANTS.

JUDGMENT—STIPULATION—ESTOPPEL.—The judgment of a court of competent
jurisdiction is binding and conclusive between the parties and their privies as
to all matters within the issues, and determined by it, and a judgment entered
upon a stipulation of the parties after issue joined has the same effect as if the
action had been tried on the merits.

APPEAL from a judgment of the Superior Court of the county
of Los Angeles, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of MR. JUSTICE
McKEE.

*R. M. Widney,* for Appellants.

*W. D. Gould,* and *J. H. Blanchard,* for Respondent.

McKEE, J.—This case arises out of an action of ejectment.
From the record of the case it appears that the demanded prem-
ises were selected by the State of California, on the 22d of April,
1868 ; that on the 29th of December, 1869, the plaintiff McCreery
entered upon them and filed his declaratory statement in the
proper United States land office on the 28th of November, 1871.
But on the 24th of November, 1871, the Secretary of the Inte-
rior of the United States had approved the selection which had
been made by the State ; and the United States, by patent of
that date, conveyed the land to the State.   After obtaining the
patent the State sold the land to one M. Keller, and issued to
him a certificate of purchase for the same, which was afterwards
confirmed by an act of the legislature entitled, " An act for the
relief of purchasers of State lands," approved March 27, 1872 ;
and on the 4th of March, 1874, Keller obtained from the State
a patent for the land.

Claiming to be owner in fee, Keller on the 24th of April, 1874,
commenced an action of ejectment against McCreery to recover
possession.   By his answer to the complaint in that action the
defendant denied the ownership of Keller, and affirmatively
alleged that the patent issued to the plaintiff by the State of Cal-
ifornia, and under and by virtue of which his pretended title to

the land in controversy is set up and maintained was obtained by fraud and misrepresentation; and that the defendant on the 21st day of December, 1869, entered on the land as a qualified pre-emptor, and on or about the 28th of November, 1871, filed, in the land office of the district in which the land was situated, his declaration of intention to pre-empt said land, and that he was entitled to the possession of the same.

Upon these issues the parties to the action stipulated, on the 30th of June, 1874, "that judgment may be entered of this date for the plaintiff for the possession of the premises described in the complaint herein, but without any rents and profits or damage for the withholding the same. Execution is to be stayed on this judgment for sixty (60) days, within which time defendant may, without molestation, remove any buildings or other improvements from said premises for his own use, without further compensation thereof." Judgment was accordingly entered in favor of Keller against McCreery, for the recovery of possession of said land and premises, together with his costs and disbursements. Under that judgment Keller was put in possession of the land; and, being in possession, he sold and conveyed the same on the 11th of October, 1874, to Frederick Fuller, the then husband of one of the present defendants, who entered into possession under his deed, and continued to reside on the land until his death in July, 1876, since which time his widow has continuously, down to the commencement of this action, on October 28, 1879, occupied the land, cultivating the same within a substantial enclosure.

It will be observed that the issues in that action not only involved the validity of the original selection of the land by the State, and of the subsequent proceedings with reference to it, which culminated in the certification of the land over to the State, and the issuance of the patent to the State, but also the validity of the original entry on the land by the defendant, as a qualified pre-emptor, and the subsequent proceedings taken by him to pre-empt the same. These things being in issue were all necessarily determined by the judgment in favor of the plaintiff. No question can arise as to whether that judgment was correct or erroneous. Standing as it does as the judgment of a court of competent jurisdiction, unappealed from and unre-

versed, it is decisive of the rights of parties to the subject-matter of the action whether it was right or wrong. Where issues are made in a case and decided, whether with or without trial, the judgment is conclusive between the same parties, in any subsequent action for the same cause, as to all questions which were directly involved within the issues made, and which were, or might have been presented and decided (*LeGuen* v. *Gouverneur*, 1 Johns. Cas. 436 ; *Stockton* v. *Ford*, 18 How. 418 ; *Mallony* v. *Horan*, 49 N. Y. 11 ; *McClurg* v. *Condit*, 27 Minn. 45); and such questions cannot be again contested between the same parties in the same or any other court. (*Hopkins* v. *Lee*, 6 Wheat. 109 ; *Russell* v. *Place*, 94 U. S. 606.) As *res adjudicata* the judgment is binding on all tribunals, and conclusive between the parties and those deriving title under them, as to the validity of the certification of the land over to the State, and of the patent thereto issued by the United States to the State, and of the patent granted by the State to Keller upon which the judgment was founded. By the certification and patent the title to the land passed from the United States to the State of California. (*Grinnel* v. *R. R. Co.* 103 U. S. 742.) Thereafter the authorities of the United States were without jurisdiction over it. The title which had vested in the State, and passed from the State to Keller, the plaintiff in the judgment, could not be divested, except by judicial proceedings to cancel or rescind the patent for fraud, mistake, or misconstruction of the law under which it was issued. (*O'Connor* v. *Frasher*, 56 Cal. 499, and cases cited.) · No executive officer of the United States had authority to recall or rescind the patent, or to issue one to another party for the same tract. (*Moore* v. *Robbins*, 96 U. S. 530.) The proceedings taken by McCreery in the land department of the United States, which culminated in a patent to him for the same land, subsequent to the acquisition of the title by the State, and to the judgment against him founded upon that title, were therefore void, and conferred upon him no title.

It follows that the judgment and order must be reversed and the cause remanded, with direction to the court below to enter judgment for defendants.

THORNTON, J. — I concur in the judgment on the ground that

the judgment in *Keller* v. *McCreery* is conclusive against the plaintiff, and determinative of the cause in favor of Fuller, who derives title under Keller by conveyance subsequent to the rendition of the judgment above mentioned.

MORRISON, C. J., concurred in the judgment, and in the opinion of MR. JUSTICE THORNTON.

McKINSTRY, J., concurred in the judgment.