STATE ex rel. MARY E. COLLINS et al. v. C. C. SMITH et al.

*Administration—Final  Account—Judgment,  former,*
*when a Bar.*

The defendant was appointed administrator in 1863; in 1868 the plaintiffs—next of kin—instituted an action on the defendant's bond for an account and settlement, in which there was a reference, but no report was made, and in 1870 the action was dismissed at plaintiffs' cost, from which there was no appeal. In 1884, upon plaintiffs' application, a citation issued to defendant to file his final account, and upon such filing there was a full investigation, both parties being present, which resulted in a small balance due the defendant. The plaintiff being dissatisfied therewith, brought the present action upon the administration bond: *Held,* that it was barred by the former judgment in 1870 and the proceedings subsequently before the Clerk on the filing of the final account.

MERRIMON, C. J., dissented.

CIVIL ACTION, tried at July Special Term, 1891, of STOKES Superior Court, before *Graves, J.*

The plaintiffs are the distributees of William Smith, deceased, and the defendant C. C. Smith is his administrator, and this action is brought against him and the defendant Martin, surety on his administration bond, for an account and settlement of the estate of the deceased.

The defendants in their answer allege that action and proceedings had in the Superior Court before the Judge thereof, and the proceedings had before the Probate Court (set out in the further statement of facts in the opinion), constituted a bar to any recovery in this action; and they relied upon and specially pleaded the statute of presumptions and the statute of limitations in bar of any recovery therein. The action was continued from term to term till July Special Term, 1891, when the following judgment was rendered :

" This cause coming on to be heard upon the facts found by the Court, a jury trial having been waived by the parties, and upon the complaint and answer the Court being of opinion that plaintiffs are not entitled to maintain their action upon the complaint filed, doth adjudge that the action be dismissed, and that defendants recover of the plaintiffs and the surety on the prosecution bond the costs," etc. From which judgment plaintiffs appealed.

The material facts found by the Court are stated in the opinion.

*Mr. C. Manly*, for plaintiffs.
*Mr. C. B. Watson*, for defendants.

DAVIS, J. : The defendant Smith qualified as administrator of William Smith in 1863, and gave bond as such with the defendant Martin as surety, and in 1868 the plaintiffs instituted an action upon said administration bond for an account and settlement of the estate, at the same time applying for a restraining order. At Spring Term, 1869, it was " referred to the Clerk of the Court to take an account of the defendant's administration, and make settlement of the same, and report to the next term of the Court." Nothing appears in the record to show that any report was made by the Clerk, as directed by the order of reference, but there was what purported to be a report and account made by the defendant to the Clerk, August 27th, 1870, in obedience to a notification from him to the said administrator to make a final settlement of the estate of his intestate. The account was signed by the administrator, and there is a verification attached in the handwriting of the Clerk, but not signed by him, and there is no evidence to show that it was filed at the time, except this and the statement of defendant's counsel that he placed the report in the Clerk's office at the date of the *jurat* (August 17th, 1870). The plaintiffs' counsel exam-

ined the Clerk's office carefully and never found the report, and when asked about it, the defendants' attorney brought it from his office and gave it to plaintiffs' attorney, in 1884.

At Spring Term, 1870, there was a judgment dismissing the plaintiffs' action "at the costs of the plaintiffs," from which judgment there was no appeal.

On the 2d day of December, 1884, upon the application of the plaintiffs, another citation was issued by the Clerk to the defendant administrator, requiring him to file his final account for settlement, as provided by § 1402 of *The Code.* The account was fully investigated and passed upon by the Clerk, in which a balance was found due the administrator, and filed as a final account, from which there was no appeal, but the plaintiffs being dissatisfied therewith brought this action upon the defendant's administration bond to the Fall Term, 1885, of the Superior Court.

His Honor states the evidence, but does not find as a fact that the account made out by the defendant, signed August 17th, 1870, was filed as a final account, but we need not consider the question of the statute of limitations, as we are of the opinion that the judgment rendered at Spring Term, 1870, from which there was no appeal, and the final account stated by the Clerk on the 16th of July, 1885, constituted a bar to the plaintiffs' recovery in this action.

If it be said that the judgment rendered at Spring Term, 1870, in the action brought by these plaintiffs on the administration bond, on which this action is brought, was not a judgment upon the merits, because it does not definitely appear that any report was made by the Clerk of an account and settlement of the estate of the intestate as directed by the order of reference in that action. The answer is, if the judgment be treated as a nonsuit, a new action for the same cause may be brought within one year. *The Code,* § 166. That action was brought by the widow of the intestate and the present plaintiffs on the administration bond of the

defendant in 1868 for an account, and this action is brought by the present plaintiffs, who (except the widow, who has no interest in this action) are the same as in that action against the same defendants on the same administration bond in 1885 for the same purpose, and the judgment in the former action is conclusive as to the parties and privies thereto as to everything that might have been litigated and settled in said action, within the scope of the particular issues or matters actually litigated and determined, and the matters or things necessarily implied by them. *Williams* v. *Clouse*, 91 N. C., 323; Black on Judgments, §§ 609, 610, 613, 615, 633, 644; Freeman on Judgments, § 319*a*.

The plaintiffs allege in their complaint, "that the administrator has not made his final settlement nor filed his final account for same." The record shows, and the fact is found, that at the instance of the plaintiffs the final account of the defendant was audited and filed, the plaintiffs being present and contesting various items therein. There is no allegation of any fraud or mistake in the final account so audited, nor is it attacked in any way by the plaintiffs, and it is at least *prima facie* correct. *Allen* v. *Royster*, 107 N. C., 278, and the cases cited. We are not called upon to review *Rowland* v. *Thompson*, 64 N. C., 714, in which the practice that should be observed in taking the final account of administrators is laid down. According to the practice there stated, either party dissatisfied with the final account as audited may appeal. There is no error.

Affirmed.

MERRIMON, C. J., dissented.