G. M. DONNELLY and Wife v. JOSEPH O. WILCOX.

*Judgment—Estoppel—Collateral Attack—Nonsuit—Amendment.*

1. The Clerk of the Superior Court, having jurisdiction of proceedings against a guardian for a settlement, a judgment rendered therein is an estoppel to an action in the Superior Court between the same parties and upon the same question, and cannot be attacked collaterally, but can be impeached for fraud only by a direct proceeding for that purpose.

2. Where, in a suit by a ward against a guardian for an account and settlement, it appeared that a judgment had been rendered in a proceeding before the Clerk between the same parties and on the same question, and that defendant guardian had paid the amount adjudged to be due, and obtained a receipt therefor, and plaintiff assailed the receipt as having been obtained by fraudulent representations as to the amount due the ward, but did not attack the judgment for fraud, or ask that it be set aside: *Held*, that the plaintiff was properly nonsuited, though the Court below might have granted, if it had been asked for, an amendment assailing the judgment for fraud.

CIVIL ACTION, tried before *McIver, J.*, at Spring Term, 1893, of ASHE Superior Court.

His Honor being of the opinion that a judgment rendered by the Clerk of the Superior Court in a proceeding between the same parties for the same purpose (an account and settlement of defendant as guardian of *feme* plaintiff) was in force, and not having been impeached by the pleading, and could not be attacked collaterally, and was a bar to this action, the plaintiffs submitted to a nonsuit and appealed.

The pertinent facts are stated in the opinion of Associate Justice CLARK.

No counsel for plaintiffs (appellants).
*Messrs. R. A. Doughton* and *E. C. Smith, contra.*

CLARK, J.: The Clerk of the Superior Court had jurisdiction of the proceeding against the guardian for a settlement. *The Code,* § 1619; *Rowland* v. *Thompson,* 64 N. C., 714; *Rowland* v. *Thompson,* 65 N. C., 110; *Sudderth* v. *McCombs,* 65 N. C., 186 (which also holds that the Superior Court at term would not have original jurisdiction of such action); *McNeill* v. *Hodges,* 105 N. C., 52. The judgment rendered by the Clerk in the former proceeding was between the same parties and upon the same question now litigated, and is an estoppel to the present action (*Williams* v. *Clouse,* 91 N. C., 322; *Collins* v. *Smith,* 109 N. C., 468), unless impeached for fraud by a direct proceeding. It can make no difference that the decree was rendered by consent. It seems to have been regular and formal. That action was instituted to procure a settlement from defendant of the balance due by him as guardian, and the notice therein was issued at the instance of the plaintiff. The pleadings in this action do not impeach and attack said judgment as fraudulent, but assail and impeach a receipt given by plaintiffs to defendant for the balance found by the decree to be due and directed to be paid. The amount admitted by the complaint to have been paid was the exact amount of the judgment, and his Honor properly held that the judg-

ment could not be attacked collaterally, and that it had not been impeached by the pleadings.

We are not advised why the plaintiffs did not thereupon ask an amendment, which lay in the discretion of the Court (*The Code*, § 273), so as to assail the judgment itself for fraud. The judgment of nonsuit must be          Affirmed.