LEMMON v. OSBORN ET AL.

[No. 18,838.      Filed October 3, 1899.]

JUDGMENTS.—*Entered by Agreement.*—Where a judgment is entered by agreement, the rights of the parties are as conclusively adjudicated as if the judgment had been rendered upon a trial of the cause.  p. 177.

SAME. — *Execution Sale.* — *Redemption.* — *Resale.* — *Quieting Title.* — Plaintiff entered into a verbal contract for the sale of certain real estate.    The sale was never completed, but the purchaser took possession of the real estate, without the consent of plaintiff, and erected a dwelling house thereon, and plaintiff was made defendant in an action to enforce mechanic's liens acquired in the construction of the house.    The purchaser filed answer disclaiming any interest in the real estate, and upon the agreement of the parties the court rendered judgment against the purchaser in favor of plaintiff for the amount of the purchase money, making same a first lien, and judgments in favor of the lienholders for the amount of their liens, and ordered that the real estate be sold for the satisfaction of the judgments, and any surplus remaining to be paid to plaintiff.    The property was sold under the judgment, and plaintiff redeemed, whereupon the holders of the unpaid judgments sought to have the property resold in satisfaction of their judgments, and plaintiff brought suit to enjoin the sale and to quiet her title.    *Held*, that the judgment entered by agreement was conclusive as to the validity of the liens, and that upon plaintiff's redemption of the real estate, it became subject to resale for the payment of the judgments remaining unpaid.  *pp. 173-179.*

SAME.—*Execution Sales.*—*Redemption.*—The word "owner," as used in §782 Burns 1894 relating to the redemption of real estate from

Lemmon *v*. Osborn.

execution sale, means any owner of the real estate redeemed whose interest was subject to the payment of the judgment upon which it was sold, without regard to whether he is the judgment debtor or claims under him. *p. 178.*

From the Fountain Circuit Court. *Affirmed.*

*J. A. Lindley* and *O. P. Lewis*, for appellant.

*Lucas Nebeker* and *Lincoln Hesler*, for appellees.

Monks, J.—This suit was commenced by appellant to enjoin the sale of real estate and quiet the title thereto in appellant. A demurrer for want of facts was sustained to the complaint, and, appellant refusing to plead further, judgment was rendered in favor of appellees. The only error assigned calls in question the action of the court in sustaining the demurrer to the complaint.

The part of the complaint necessary to the determination of this appeal is, substantially, as follows: In April, 1896, appellant was the owner in fee simple of the real estate in controversy, situate in Fountain county, Indiana, and at said time entered into a verbal agreement with appellee, James S. Hoover, for the sale of said real estate to him for the consideration of $100. Said Hoover was to pay $25 cash, and execute two promissory notes, for the remainder of the purchase money, payable six and twelve months after date respectively. The 1st day of May, 1896, was designated as the day for the consummation of said agreement, by the payment of said $25, and the execution of said notes, at which time appellant was to execute to said Hoover a bond for a deed, which deed was to be executed upon the full payment of said notes; that, although said Hoover took possession of said real estate, he failed, and refused to comply with the terms of said agreement, on his part in every particular, except that he, a few days after said 1st day of May, paid appellant the sum of $25, agreeing at the time he so paid said money that, in the event he failed to comply with and execute the terms of said agreement, the said money so paid

should be forfeited to appellant for whatever loss she might sustain by reason of a non-compliance with said agreement; that no notes were executed to appellant for said real estate, and she received no payment therefor except said sum of $25, and that no bond or other obligation for a deed was ever executed by appellant to said Hoover, and that said possession of said Hoover was founded on no other right than as disclosed by the facts alleged; that appellant's title to said real estate was at the time of said agreement, and at all times since has been, of record in the recorder's office of said county of Fountain; that without the consent or agreement of appellant, Hoover erected, or caused to be erected, on said real estate a frame dwelling house, and each of appellees duly gave notice of a lien on said house and real estate for various sums of money due them respectively for materials furnished for, and labor performed in, the erection of said house. That appellee Osborn on April 15, 1897, instituted suit in the circuit court of Fountain county against appellant and against said Hoover and against said Osborn's co-appellees herein (who claimed to hold mechanic's liens on said house and real estate), and others, for judgment against said Hoover for materials furnished for said house, and for the foreclosure of said lien and the sale of said house and real estate to pay the same, alleging in the complaint that said Hoover was the owner in fee simple of said real estate; that the appellees, except the sheriff, each filed separate cross-complaints in said cause against appellant, said Osborn, and all the codefendants in said action, each thereby seeking to obtain judgment against said Hoover for labor performed in the erection of said building and a decree of foreclosure of their respective liens, and a sale of said house and real estate to pay the said judgments, alleging in each of said cross-complaints that said Hoover was the owner in fee simple of said real estate; that appellant also filed in said court her cross-complaint against all the other parties thereto, alleging therein, among other things, the aforesaid agreement, non-

compliance therewith, and forfeiture by reason thereof, and
claimed that she was the absolute owner in fee simple of
said real estate, together with all the improvements thereon,
including said house, free from all claims, and liens, and
notices of liens of said parties, and asked to have her title
quieted against the same; that she also filed in said action
answers to the complaint and the cross-complaints, averring
among other things, in addition to the facts averred in her
cross-complaint as aforesaid, that, if the material was fur-
nished and labor was performed as claimed by said parties,
the same was done and the house erected without the au-
thority, direction, consent, or agreement of appellant; and
further answering that since the filing of her cross-complaint
in said cause for possession of, and to quiet her title to, said
property, the said Hoover on the 5th day of May, 1897, de-
livered up to appellant full, complete, and unqualified
possession of said real estate; that no demurrer was filed to
said answers, or any of them, but that said Osborn, the
plaintiff in said action, and the cross-complainants filed re-
plies to said answers alleging facts upon which they claimed
appellant was estopped from making any defense to the fore-
closure of said liens.   To each of said replies appellant filed
a demurrer, and each of said demurrers was overruled by the
court; that, upon the complaint in said suit, the cross-com-
plaints and the answers thereto, and the answer of said
Hoover disclaiming any interest therein, the title to said real
estate was put in issue, and, the issue being made, the cause
was submitted to the court for trial, judgment, and decree
upon the agreement of the parties, and, in accordance with the
agreement, the court rendered judgments against said Hoover
in favor of the following named persons: appellant for $125
and costs, Elijah B. Osborn $249.87 and costs, Lorenzo D.
Harrold $61.15 and costs, Edward E. Wade $30.17 and
costs, Hardy Songer for $12 and costs, Easley & Hathaway
for $34.55 and costs, Alvah Sumner for $49.57 and costs,
Belle Briner for $24.60 and costs; and it was adjudged and

decreed by the court that the judgment in favor of appellant was the first and paramount lien on said real estate, and that all the other judgments were equal and concurrent liens with each other on said real estate, and that said real estate be sold by the sheriff, and the proceeds be applied accordingly; and that any surplus remaining after paying said judgment and costs be paid to appellant; that no other decision, determination, or judgment was made or rendered in said cause in relation to or touching the title or ownership of said property than as above alleged. That afterwards, on April 30, 1898, the sheriff of said county sold said real estate on said decree to appellee Elijah B. Osborn for $400, which amount he paid to said sheriff, who executed to him a certificate of sale; that, after the application of the proceeds of said sale, the judgment in favor of appellant was satisfied and there remained unpaid of said judgments in favor of said Osborn and said cross-complainants the sum of $275.12; that afterwards, on May 23, 1898, appellant claiming to be the owner of said real estate redeemed the same from said sale by paying to the clerk of said court the sum of $402.04, which said Osborn, the purchaser at said sale, accepted and received as a redemption of said real estate; that thereupon, the holders of said unpaid judgments caused a copy of said decree to issue to said sheriff, who has advertised said real estate for sale thereon, to pay the unpaid balance on said judgments; that appellant is the legal owner of said real estate, and has the legal title thereto, and has had such title ever since and prior to the 1st day of May, 1896, and that she has all the equities, interests, and rights thereto; that there is no lien against said real estate in favor of either of said appellees, and that neither of them has any lien upon, or equity, interest, or right therein, etc. Prayer for injunction and to quiet title.

The sole question is whether, after appellant redeemed said real estate, appellees were entitled to have the same resold to satisfy the balance of their judgments.

The judgments by agreement in the action to enforce the mechanic's liens against said real estate were, and are, as conclusive as if rendered upon a trial of said cause. Van Fleet's Former Adj. pp. 145, 146; 1 Herman on Estoppel, p. 41; Bigelow on Estoppel, pp. 68, 69; *Fletcher* v. *Holmes*, 25 Ind. 458; *Chamberlain* v. *Preble*, 11 Allen 370; *Dunn* v. *Pipes*, 20 La. Ann. 276; *Greenwood* v. *City of New Orleans*, 12 La. Ann 426, 431; *Girod* v. *Pargoud*, 11 La. Ann. 329, 331; *Hewitt* v. *Stewart*, 11 La. Ann. 100, 102; *Jarboe* v. *Smith*, 10 B. Mon. (Ky.) 257; *McCreery* v. *Fuller*, 63 Cal. 30; *Galtman* v. *Gunn* (Miss.), 7 South. 285; *Donnelly* v. *Wilcox*, 113 N. C. 408, 18 S. E. 339. It was therefore conclusively adjudicated between the parties in that case that Hoover had such title to said real estate as gave Osborn, the plaintiff in said action, and the cross-complainants other than appellant, valid mechanic's liens thereon, or, at least, that appellant was estopped from asserting that Hoover did not have such title, and that appellant had a lien thereon prior and superior to said mechanic's liens, of $125, and that appellant was entitled to the remainder of the proceeds of the sale of said real estate on said decree, if any, remaining after the payment of said judgments, interest, and costs. Appellant cannot in this action against the said parties successfully assert any fact inconsistent with the validity of her own lien for the $125, or the mechanic's liens adjudged in that case; in other words, she is precluded by said judgments from disputing any fact in this action which is essential to the validity of her own lien or the liens of the other parties to that action. It was essential to the validity of said liens that said Hoover was the owner of either the legal or equitable title to said real estate, subject to appellant's lien, when said house was erected, or that appellant was estopped from asserting in that action that he, Hoover, was not the owner of such title; and, therefore, said facts were conclusively adjudged between the parties to that action, and the parties to

this action having been parties to that action are bound thereby. In determining the sufficiency of the complaint, therefore, all facts alleged therein inconsistent with the validity of said lien must be disregarded, and for this reason the truth of such allegations is not admitted by the demurrer. That appellant held both the legal and equitable title to said real estate, and was the owner thereof in fee simple subject to said liens, when said judgments were rendered, is entirely consistent with the validity of said liens and with said judgments and decree, and that she had such title is confirmed by that part of the decree which directs that any of the proceeds of the sale of said real estate remaining after the payment of said judgments, interest, and cost be paid over to appellant.

It is insisted by appellant that the word "owner", as used in §782 Burns 1894, §770 Horner 1897, must be construed to mean "judgment debtor", and that therefore it is only when the redemption is made by the judgment debtor, or some one claiming title under him, that the real estate is subject to resale to pay the amount of the judgments remaining unpaid. We cannot agree with appellant in this contention. The word "owner", as used in said section, means any owner of the real estate redeemed, whose interest was subject to the payment of the judgment upon which it was sold without regard to whether he is the judgment debtor, or claims under him, or not. If, however, appellant was the owner of said real estate in fee simple, subject to said liens, at the time said judgment was rendered it must be presumed that she acquired Hoover's title thereto after the mechanic's liens were placed thereon. The title so acquired by appellant from Hoover entitled appellant to redeem said real estate from said sheriff's sale whether she would have been entitled to redeem without such title or not. This being true, appellant, so far as appellees (the holders of said mechanic's liens) are concerned, redeemed said real estate as owner of the title acquired from Hoover, the judgment

debtor. In any view of the case, however, it is clear that whatever title appellant had to said real estate when said judgments were rendered, and when she redeemed the same as owner, whether she derived any title from Hoover or not, the same was subject to said liens and said judgments, and is, therefore, after redemption by her as such owner, subject to resale under the provisions of §782 Burns 1894, §770 Horner 1897.

The court did not err, therefore, in sustaining the demurrer to the complaint. Judgment affirmed.