HARTFORD FIRE INSURANCE COMPANY v. W. O. KING, TRUSTEE.

Decided March 18, 1903.

**1.—Res Adjudicata—Identity of Parties and Subject Matter—Insurance—Trustee.**

After a loss by fire plaintiff, as attorney for H., the insured, pledged certain policies to O. as collateral for the benefit of all of H.'s creditors, including K., and thereafter H. transferred the policies to plaintiff as trustee to secure her entire indebtedness, including that due to K. Plaintiff sued on the policies in the name of O., the pledgee, agreeing to indemnify him from all liability for costs, etc., and employed the attorneys and conducted the suit for his benefit as trustee, as well as for the benefit of K., and after answer to the merits therein the suit was settled and judgment rendered that the plaintiff take nothing, etc. Held in this action, subsequently brought on the policies by plaintiff, as trustee, that the real parties at interest and the subject matter in both suits were identical, and the plea of res adjudicata a complete defense herein.

**2.—Same—Final Judgment—Confession.**

A final judgment on the merits is as conclusive if entered by consent as if rendered after contest.

**3.—Same—Power of Attorney to Compromise—Presumption—Collateral Attack.**

Where judgment in a pending action was rendered upon a compromise, it will be presumed, as against a collateral attack thereon, that plaintiff's attorney had authority to make the compromise.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Finley & Knight* and *F. M. Etheridge,* for appellant.

*Crane, Greer & Wharton,* for appellee.

NEILL, ASSOCIATE JUSTICE.—On the 28th day of October, 1900, the appellee, W. O. King, as trustee of Mrs. F. K. Hurley, sued the Hartford Fire Insurance Company on two insurance policies for $1000 each, issued by appellant respectively on October 7 and October 12, 1896, to Mrs. F. K. Hurley on a certain one-story metal-roofed building situated in the town of Belcherville, Montague County. The first policy covered the building to the amount of $500, and the store and office furniture and fixtures in the same sum. The second covered the building alone. All the property described in the policies was that of Mrs. Hurley, and the insurance on it was effected for her.

The appellee based his right to sue as trustee upon a certain deed of trust executed to him by the assured on the 24th day of December, 1897, which will be more fully described in our conclusions of fact. He alleged the issuance of the policies, the total loss by fire of the property on October 29, 1896, which was during the term of its insurance under the policies sued upon.

The insurance company answered by a general denial and a plea of res judicata, in which the matters pertaining thereto, stated in our conclusions of fact, were averred.

By a supplemental petition the appellee plead in reply to appellant's

plea of res judicata that the judgment upon which the plea is based was procured as a compromise between the plaintiff in the suit wherein it was rendered, and the appellant in this case, who was the defendant; that it was entered by agreement between said plaintiff and defendant without a trial, and without the introduction of evidence, for a mere nominal sum, without the authority of the assured or of Mrs. M. A. King, nor from appellee to agree to said compromise or make the same.

The case was tried before a jury, and the trial resulted in a judgment in favor of the appellee for the sum of $2428.12, from which this appeal is prosecuted.

*Conclusions of Fact.*—The two policies were issued by the appellant at the time stated in our statement of appellee's pleadings. The property covered by the policies was entirely destroyed by fire on October 29, 1896. The property was also covered by policies issued by other companies. At the time the insurance was effected and the property burned, Mrs. F. K. Hurley was engaged in the mercantile business, which was carried on in the building insured, under the management of her brother, the appellee, as her agent. At the time Mrs. King, as a merchant, was indebted to several parties, among whom W. A. Orr Shoe Company, of St. Louis, Mo., which company she owed about $1500. The indebtedness to her other merchant creditors was about $2465. Besides this indebtedness, it is claimed she owed her mother, Mary A. King, $7600. When the fire occurred, the appellee was in Kingsville, Mo., and on the next day received information of it by telegram from Mrs. Hurley. Upon receipt of this information, he immediately went to St. Louis and transferred the policies sued upon, as well as the others covering the property, to the Orr Shoe Company as collateral for all of Mrs. Hurley's creditors, except Mrs. M. A. King. And after he returned to Belcherville, he sent the policies to said company with a written assignment of them indorsed on each to the Orr Shoe Company, signed "Mrs. F. K. Hurley, per W. O. King, Attorney."

On the 24th day of December, 1896, Mrs. F. K. Hurley by an instrument in writing of that date conveyed to W. O. King, trustee, seven certain fire insurance policies, among which are the two sued on in this case, to secure the payment of indebtedness to certain creditors, among whom the name of W. A. Orr Shoe Company appears first, and of Mary A. King, last, in the order in which creditors are named in said instrument. The instrument directs that the trustee proceed at once to collect the policies and apply the proceeds to the payment in full to said creditors in the order in which they are named, and after paying the indebtedness and costs of collecting the policies, if any balance should be left, that it should be paid by the trustee to her. This is the instrument upon which the appellee bases his right to prosecute this suit as trustee.

On the 8th day of June, 1898, a suit was instituted in the District

Court of Montague County, Texas, in the name of W. A. Orr Shoe Company against appellant, the Hartford Fire Insurance Company, on the same two policies upon which appellant is sued in this case. While said suit was brought in the name of said shoe company, it was in fact inaugurated, participated in and controlled by the appellee, W. O. King, who employed counsel of his own selection to institute and prosecute the suit, for his own benefit as trustee, as well as for the benefit of Mrs. M. A. King. On the 5th of July, 1898, defendant, Hartford Fire Insurance Company, appeared in the case and answered to the merits. On the 10th day of July, 1899, final judgment was entered in the case, in which it was adjudged and considered by the court that the plaintiff, the W. A. Orr Shoe Company, a corporation, take nothing by the suit, and that the defendant, Hartford Fire Insurance Company, go hence without day. This judgment recites that both parties appeared by their attorneys and filed in the case an agreement in writing to the effect that the parties to the suit had settled and compromised the matters involved, and agreed that judgment should be rendered that plaintiff take nothing by the suit, and that defendant go hence without day, and that all costs be paid by the defendant, and that the judgment was rendered in accordance with such agreement.

We base our conclusion that the suit was inaugurated, participated in and controlled by W. O. King, trustee, by and through counsel of his own selection for his benefit, as well as for the benefit of Mrs. M. A. King, upon the following testimony: W. O. King's testimony upon this point is: "Myself, as trustee, and Mrs. F. K. Hurley employed Mr. Chambers [who was the attorney who brought the suit] to file the suit in Montague County in the name of the Orr Shoe Company against the defendant. My connection with said suit was as trustee. That suit was filed by Mrs. Hurley, Mrs. King and myself in the name of the Orr Shoe Company, and the Orr Shoe Company was indemnified against costs of suit. Mr. Chambers had full control over the suit. He was my lawyer, and advised me of the settlement of the suit."

J. M. Chambers, the attorney who brought the suit, testified: "I represented all parties interested in the recovery; the suit was brought in the name of W. A. Orr Shoe Company, which was in the hands of W. E. Fisse, receiver. All parties at interest in the policies knew of and authorized the bringing of the suit. W. O. King, Mrs. F. K. Hurley and Mrs. Mary A. King all knew of the bringing of said suit, for they employed me to bring it."

The agreement upon which the judgment was entered was in writing and signed: "J. M. Chambers, attorney for plaintiff, W. A. Orr Shoe Company, and Harris, Etheridge & Knight, attorneys for defendant, Hartford Fire Insurance Company." Neither W. O. King, Mrs. F. K. Hurley nor Mrs. Mary A. King agreed personally to the compromise. Their attorney, J. M. Chambers, notified both Mrs. Hurley and W. O. King of the agreement and settlement before the judgment was entered. Neither of them made to the attorney any protest against the agreement

and settlement. No suit was ever filed against the shoe company by either King or Mrs. Hurley for a breach of the alleged trust. Long after the compromise judgment was rendered, W. A. Orr Shoe Company received $400 or $500 out of moneys realized from other insurance companies, in full settlement of its debt, with the full knowledge and consent of Mr. King and Mrs. Hurley.

In the compromise the insurance company paid the shoe company $166.66 in settlement and discharge of the former's liability on the policies sued on, and on each policy was indorsed a receipt and cancellation and surrender of the policy to the insurance company, which was signed: "W. A. Orr Shoe Company, per W. E. Fesse, Receiver."

These facts relating to the suit, compromise and judgment plead as res judicata by appellant in this case are undisputed and are shown by appellee's own testimony.

In deference to the verdict, we find that before the judgment in the District Court of Montague County was rendered, the Hartford Fire Insurance Company had notice that the transfer of the policies sued on was made to the W. A. Orr Shoe Company simply to secure the payment of Mrs. Hurley's indebtedness to said company and others, and that Mrs. Hurley did not consent to the rendition of said judgment, and has not since ratified it.

Under our view of the law, which will be presently stated, the facts thus found in accordance with the verdict are not necessary to a proper disposition of this appeal. They are simply made for the purposes of enabling the Supreme Court to finally dispose of the case should it differ with this court upon the law applicable to it.

*Conclusions of Law.*—The only assignment of-error which we deem necessary to consider is the first. It complains of the court's refusal to give, at appellant's request, the following special charge: "Under the evidence the alleged claim of plaintiff herein is concluded by the judgment entered on the 10th of July, 1899, in the case of W. A. Orr Shoe Company v. Hartford Fire Insurance Company, in the District Court of Montague County, Texas, and you will therefore return your verdict for the defendant."

The question thus raised is not whether the W. A. Orr Shoe Company, as the pledgee of the two insurance policies, was authorized to compromise with the company that issued them, but it is whether the appellee, W. O. King, trustee, can, under the facts, collaterally attack the compromise judgment plead in bar of his action in this case.

Where the court has jurisdiction of the parties and subject matter in the particular case, its judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment by the parties or privies in any collateral proceeding whatever. Black, Judgments, sec. 254; Tadlock v. Eccles, 20 Texas, 782; Willis v. Ferguson, 46 Texas, 496; Lee v. Kingsbury, 13 Texas, 68; Sutherland v. De Leon, 1 Texas, 250.

It may be that, upon the principle that the holder of negotiable or quasi negotiable paper as a pledge to secure him in the payment of a debt owed by a third party can not compromise with the obligor on such paper without the consent of the pledgor (Garlick v. James, 12 Johns., 146, 7 Am. Dec., 274; Dupuy v. Clark, 12 Ind., 427; Union Trust Co. v. Regdon, 93 Ill., 458; Woods v. Mathews, 73 Mo., 479; Griggs v. Day, 136 N. Y., 152, 32 N. E. Rep., 613; Zempleman v. Veeder, 98 Ill., 613; McLemore v. Hawkins, 46 Miss., 517), that the compromise judgment might have, upon a proper proceeding directly attacking it, if promptly brought by the appellee or Mrs. Hurley, been annulled. But this offers no solution of the question as to whether it is open to a collateral attack.

When a judgment of a court of record having general jurisdiction is collaterally called in question, it must be deemed valid unless it appears that no facts could have been shown which would render it so. Martin v. Robinson, 67 Texas, 368; Templeton v. Ferguson, 89 Texas, 57; Endel v. Norris, 93 Texas, 543.

The rule prohibiting the collateral impeachment of a judgment applies only to the parties to the action and those in privity with them who are entitled to take proceedings to have the judgment opened, vacated or reviewed. Black, Judgments, sec. 260.

Under the term "parties" the law includes all who are interested in the subject matter of litigation, who will be gainers or losers in its result, and for or against whom the record of the former proceedings might be adduced in evidence on another trial; those who have the right to be heard and to offer testimony and examine witnesses. "Privies" are those who are so connected with the parties in estate * * * as to be identified with them at interest, and consequently to be affected by them in the litigation. Black, Judgments, sec. 534.

In many instances trustees and their cestuis que trust are regarded as being so independent that proceedings against one have no effect on the other, and both are essential to a complete termination of an action in reference to the trust estate. But when a debtor makes an assignment for the benefit of his creditors, the assignee acquires a legal and the creditors an equitable estate, and a judgment against the assignee in relation to the property embraced in the assignment is conclusive unless it can be avoided for fraud or collusion. Freeman, Judgments, sec. 172. The real party at interest can not escape the result of a suit conducted by him in the name of another; for the fact that an action was prosecuted in the name of a nominal party can not divest the case of its real character, but the issues made by the real parties and the actual interest involved must determine what persons are precluded from agitating the question, and who are estopped by the previous decision. Jackson v. West, 22 Texas Civ. App., 483; Cheney v. Patton, 134 Ill., 422, 25 N. E. Rep., 792, 34 N. E. Rep., 416; Freeman, Judgments, secs. 174, 175; Black, Judgments, sec. 537. Extrinsic evidence is admissible to prove that a real party in a suit is not a party to the record, but that he prosecuted or defended the suit in the name of a

nominal party, and whenever this is made. to appear, the real party is concluded by the judgment as effectually as if he had been a party to the record. Cleveland v. Heidenheimer, 44 S. W. Rep., 55; Black, Judgments, sec. 539.

In the case now under consideration, the subject matter is identical with what it was in the case in which the judgment plead in bar of this action was rendered. The defendant is the same in each case. The plaintiff, the W. A. Orr Shoe Company, in the former case, as the pledgee of the policies sued on, occupied the position of trustee to the owner, Mrs. Hurley, to pay first the debt due him; second the indebtedness to the other merchant creditors; and then the surplus over to the pledgor. Except as to Mrs. Mary A. King the relation of the shoe company regarding the policies was the same as to all the parties as that of W. O. King, the appellee, as trustee, by virtue of the written assignment made to him. It would have practically made no difference whether the Montague County suit had been brought and prosecuted by him or by the W. A. Orr Shoe Company. In either event it would have been in the interest of the parties for whose benefit the policies were assigned as security for indebtedness owed by Mrs. Hurley, and the effect of a judgment rendered in favor of or against W. O. King as trustee would have been the same as if rendered in favor of the Orr Shoe Company, with the exception that after paying the mercantile creditors, the surplus would have been paid to the extent of her indebtedness to Mary A. King. But as W. O. King, as trustee, and Mrs. F. K. Hurley employed counsel to bring the Montague County suit in the name of the Orr Shoe Company against the defendant, which suit, according to appellee's own testimony, was "filed by Mrs. Hurley, Mrs. King and himself in the name of the W. A. Orr Shoe Company, which was indemnified by them against costs of suit," Mrs. King was as much bound by the judgment as if the suit had been brought in the name of W. O. King, trustee, instead of by the Orr Shoe Company. Therefore from the undisputed facts W. O. King, trustee, being the real party at interest in the Montague County suit, the parties in that case were the same as in this. Thus is shown an identity of parties at interest, as well as of the subject matter in the two suits.

A former judgment will not operate as a bar to a subsequent suit upon the same cause of action unless the proceedings and judgment in the first case involved an investigation (or afforded an opportunity for an investigation) and determination of the merits of the suit. That the merits of the suit be determined, it is not deemed necessary that there should have been an actual trial and canvassing of the facts of the case. For a judgment entered upon confession without action is as conclusive as any other. Black, Judgments, secs. 694, 695. Judgment proceeds upon the merits when the very cause of action is decided upon. Bigelow, Estop., 5 ed., 53. The majority of cases in this country hold that a judgment is none the less effective as a bar because its

merits were determined, in whole or in part, by the agreement of the parties. Black, Judgments, sec. 705. A final judgment on the merits is just as conclusive on the merits, if entered by consent, as if rendered after contest. McCreen v. Fuller, 63 Cal., 30; Hewitt v. Stewart, 11 La. Ann., 100; Gothman v. Gunn, 7 So. Rep. (Miss.), 285; Donnelly v. Wilcox, 113 N. C., 408, 18 S. E. Rep., 339; Royston v. Horner, 75 Md., 557, 24 Atl. Rep., 25; Palmer v. Hoyes, 112 Ind., 289, 13 N. E. Rep., 882.

While an attorney at law may not have any implied power to confess or consent to a judgment against, or to compromise a claim of his client (Mechem, Agency, sec. 813), express authority may be presumed in favor of an agreed judgment when collaterally assailed; for a judgment must be deemed valid against a collateral attack unless it appears that no facts could have been shown which would render it so. Martin v. Robinson, supra. It certainly could be shown, were it a fact, when a compromise judgment was agreed upon and entered at the instance of the attorneys, that the attorneys were expressly authorized by their respective clients to agree upon the compromise and have judgment entered in accordance with it. In fact, if such a matter were properly a subject of inquiry in this case, it might well be held from the evidence if such authority was not expressly given the attorney by appellee and those for whom he stood as trustee in the Montague County case, such action of the attorney was acquiesced in and ratified by them, with full knowledge of the facts, after such judgment was rendered.

But however this may be, we have before us a case in which there is an identity of the subject matter, an identity of the real parties at interest, with the one in which a final judgment upon the merits was rendered by a court of competent jurisdiction of the persons and matters in controversy. Such judgment is conclusive against the appellee in this case, and should have been so held by the court below, and the charge requested by appellant given, and upon which a verdict in its favor would necessarily have been returned under the undisputed facts.

Therefore it becomes our duty to reverse the judgment of the District Court and here render judgment in favor of appellant, which is accordingly done.

*Reversed and rendered.*