San Juan, P. R., July 1, 1915.

---

# N. B. K. PETTINGILL, as Surviving Partner, Plff.,

### v.

# .W. McK. JONES, Dft.

---

Ponce, Equity, No. 260.

Final Decree—Close of Term—Intervention of Third Party.

    1. While it is possible sometimes for the court to set aside a final decree and reopen the case, when this is not done it seems that the court has no authority to consider any matter covered by a final decree rendered at a previous term, nor has it authority to allow an outsider to intervene in a suit to which he is not a party.

Privies.

    2. Privies are those who are so connected with the parties in an estate as to be identified with them in interest, and who may be affected by the litigation.

Pettingill v. Jones.

Intervention—Equity Rule.

> 3. Where a main proceeding has gone to a final decree at the preceding term, the matter is closed, and equity rule No. 37 is not applicable so as to allow a third party to intervene.

Laches.

> 4. Where a case has been pending for a long term of years, and a party who might have intervened in time does nothing, he will not be allowed to come in after a final decree and reopen the case, especially when he has an opportunity to enforce his right by a separate proceeding.

Opinion filed July 3, 1915.

---

*Mr. R. V. Perez Marchand* for petitioner.

*Mr. Francis E. Neagle* for defendant.

HAMILTON, Judge, delivered the following opinion:

This matter now comes up upon the petition of Antonio Franceschi y Franceschi for leave to file a petition for redemption in this case. On the 26th of June the applicant sought to file a petition for redemption. This was refused at the time because he had not obtained leave to file such a petition, and the application now under consideration is a petition for leave to file what he calls a petition for redemption, but what in reality would be a petition for intervention, because he makes his application under new equity rule No. 37 in regard to intervention. The question is, can such an application be considered?

The case in which it was filed was one brought by Pettingill, perhaps under other names, but in its present condition the

Pettingill v. Jones.

plaintiff is Pettingill and the defendant is Jones, as the court understands the pleadings in that case, and it was brought in order to establish the alleged right of the plaintiff in certain mortgages or titles, at all events in land held by the defendant Jones. It was in its last analysis a case between Pettingill and Jones, and related to Pettingill's right in a property which was held by Jones. That was the case. It was not a creditor's bill; it was not a suit *in rem;* it was simply a question between those two men. There may have been more than one man on each side, but as it turned out at the end it was between those two men.

The present petitioner says that Pettingill had according to the final record a one-eighteenth interest in these properties, while he himself has sixteen eighteenths, and he claims the right to intervene in the main case because he is a privy with Pettingill. There will be several things to consider.

1. In the first place, as to the time; the main case has gone to a final decree. It is, of course, possible sometimes for the court to set aside the final decree and reopen matters. There are no vested rights until the closing of the term, provided the case is still open at this term. The theory of the court was that the final decree was at the preceding term, and that was one of the grounds upon which the court denied the application of Jones, represented by Mr. Neagle, for reconsideration of the matter. The court sees no reason to change its view in that respect, that is to say, that it was a final decree at a preceding term. Now if that applies to Jones, it would seem to apply with even greater force to Franceschi, who was not a party at all. It would be an application by him, therefore, to reopen the case after the expiration of the term, in fact at a

succeeding term.   I doubt whether the court would have the right to do that in any event, but at most it would seem to be an appeal to the discretion of the court.   If the court had any discretion in the matter, it would not be inclined to exercise it. The present applicant has stood by, it is said, for five years, and seen litigation between two parties, and now that one has succeeded he seeks to get the benefit of the success of Pettingill. It is, of course, all right for him to get any benefit from the decision of the principle, but that must be by some other suit, not by stepping into the original suit, particularly after the final decree.   The case of United States v. Northern Securities Co. 128 Fed. 808, 810, and other cases cited, are analogous to one that we had in this court some time ago, where the Supreme Court had not decided an appealed case, and the question was what this court could do while the case was in the Supreme Court?   It was looked up very carefully at the time, and the conclusion the court came to was that whatever was necessary for the protection of the property or whatever was necessary to meet the new conditions in the court where the case was tried, without affecting the merits that had been decided here and were pending in the superior court, this court had a right to look at.   So here, if there is any order that is necessary to carry out the decree which has already been determined, or directly grows out of that as affecting the parties interested in the fund which is passed on by the main decree, that would be done.   But here is an application by an outsider, so far as the actual parties to the record are concerned, and the court does not see that it comes under the principles of the Northern Securities Co. Case and other cases cited.

2.  The second point is, however, that the applicant is a

Pettingill v. Jones.

privy with Pettingill, and is able to take advantage of the decision which has resulted in Pettingill's favor. That does not seem to be the case. He is not a privy with Pettingill at all. A privy with Pettingill would be somebody from whom Pettingill got the property or somebody to whom Pettingill had deeded the property, and the petitioner here is neither one nor the other. He simply has an interest which, under his petition, would seem to stand on all fours with Pettingill's, but it is another interest, and whatever relates to it must be attended to in another litigation. The practical result would be that Pettingill's own remedy might be affected at the request and for the protection of a complete outsider. Privies are those who are so connected with the parties in an estate as to be identified with them in interest, and consequently to be affected by them in the litigation. Hartford F. Ins. Co. v. King, 31 Tex. Civ. App. 636, 73 S. W. 71. That does not seem to be the case here, and I do not think that he is a privy with Pettingill in any sense of the word. He is concerned with another interest in the same property, but that does not make one a privy.

3. The third ground alleged is that he comes under the new equity rule in regard to intervention. That equity rule allows intervention at any time where one has an interest in the litigation, but it must be in subordination to, and in recognition of, the main proceeding. New Equity Rule No. 37. The main proceeding has gone to a decree at a preceding term, and that ends the main proceeding so far as the right to get any other remedy is concerned, and it would do no good to allow any intervention because the case has been decided. There is nothing to intervene in, so it does not appear that there is any right under the new equity rule.

Pettingill v. Jones.

4. Finally, it is only right to say that the court would be very reluctant to reopen this old case unless it was clearly proper. It has finally got to a decree. It was brought years ago, not under the preceding judge, but the judge before the last, if not earlier yet, and the papers are not now in satisfactory condition owing to lapse of time and the number of people who have handled them, and it would be very difficult to go into the matter anew. The court realized this very distinctly in working up the case for the decision that has been lately rendered, and is not inclined to go into it a second time, unless there is some distinct law or legal right involved. The court does not think there is, because, if the petitioner has any right at all, he can enforce it by a separate proceeding. Pettingill has filed a suit and won it. This petitioner can file a suit, and, if he has the same rights or if he has a good right, he can win it. It is no denial whatever of a remedy to the petitioner. It is simply justice to Pettingill and the other parties in the other case to have that case treated as a distinct case, as it was. I think the most this would result in would be inconvenience to Franceschi in making him bring a formal suit instead of a petition, but that, of course, is a matter that cannot be considered at all. He has, in the mind of the court, pursued the wrong remedy. He is in the right forum, but in the wrong suit. The leave to file this petition is therefore denied.