STATE EX REL. MARLER-DALTON-GILMER COMPANY ET AL. V. LETHIA A. GOLDEN, ADMINISTRATRIX OF S. D. ANDERSON, AND TITLE GUARANTY AND SURETY COMPANY.

(Filed 19 December, 1916.)

**1. Judgments—Estoppel—Administrators—Accounts.**

Proceedings upon exceptions of creditors filed to the final account of an administratrix, some of which were sustained by the judge and others reversed, with action by the clerk in conformity with the rulings, do not render the judgment accordingly entered by the clerk final in the sense it will operate as an estoppel between the parties.

**2. Executors and Administrators—Accounts—Taxes on Lands.**

A payment of taxes on the lands of the deceased by his administratrix is not a proper credit to be allowed him in his account.

**3. References—Pleas in Bar.**

Where the defendant enters a plea in bar to an action involving an accounting, which is bad upon its face, it is not error for the trial court to deny the plea and refer the matter.

**4. Executors and Administrators—Judgments—Evidence.**

Judgments against the administratrix in this case are held evidence of the indebtedness and very conclusive under the decision of *Brown v. Harding*, 170 N. C., 253.

**5. Estoppel—Pleas in Bar—Trials—Questions of Law—Jury.**

Where a plea in bar, bad upon its face, is interposed by an administratrix in an action against her requiring an accounting in which the only question contested is a matter of law upon an undisputed fact, a trial by jury thereof is properly denied.

**6. Executors and Administrators—Evidence—Receipts—Burden of Proof—Disbursements.**

Where in an action against an administratrix the amount of her receipts are shown, the burden is on her to show proper disbursements.

**7. Reference—Evidence—Findings—Appeal and Error.**

Where the referee finds the facts upon supporting evidence, and the findings are approved by the trial judge, they will not be disturbed on appeal.

CIVIL ACTION tried before *Harding, J.,* at August Term, 1916, of CHEROKEE.

The action was brought by certain judgment creditors of S. D. Anderson against the defendants, upon the official bond of the *feme* defendant as administratrix with the will annexed of S. D. Anderson, her first husband.

The defendants pleaded that there had been an adjudication of the matter in controversy in a former proceeding before the clerk of the Superior Court which was carried by appeal to the judge, who entered a judgment therein. It appears that the administratrix filed her final account, and some of the plaintiffs as creditors of her intestate filed exceptions thereto, but all of this resulted finally in the judge sustaining certain exceptions to the final account of the administratrix and overruling others, and remanding the proceedings to the clerk to reform the final account according to his rulings. This the clerk did, and upon a final adjustment of the matter upon the basis indicated in the judge's rulings, the clerk found that the administratrix had received as assets applicable to debts of her intestate the sum of $2,084.46 instead of $2,279.65, as formerly reported, and that she had disbursed $1,965.22 instead of $2,627.21 as formerly reported by her, leaving in her hands for distribution to and among the creditors entitled thereto the sum of $119.24 and the clerk then adjudged that the final account be amended and reformed accordingly. The principal exceptions filed by the creditors were to the payment of taxes on her land with which the administratrix had credited herself in the account. The court referred the case to Mr. T. J. Hill, who has performed his duty well and filed a very carefully prepared and accurate report. He passed upon each item of the account after taking evidence and reports that the class of creditors to which the plaintiffs belong are entitled to recover 79.6 per cent of their claims, the following being the statement:

> "Marler-Dalton-Gilmer Co., in the sum of........$ 140.18
> Treacy-Morris & Co., in the sum of.............. 153.19
> J. K. Orr Shoe Co., in the sum of............... 73.45
> Bristol Overall and Pants Co., in the sum of....... 41.04
> Madison Flouring Mills Co., in the sum of........ 28.27
>
> Total .................................$ 436.13"

The judge confirmed the report and rendered judgment in favor of each creditor for the amount found by the referee as his share, and for costs, and the defendant administratrix appealed.

*E. B. Norvell for plaintiffs.*
*J. D. Mallonee and M. W. Bell for defendants.*

WALKER, J., after stating the case: The principal questions in this appeal are settled by *Bean v. Bean,* 135 N. C., 92, where it is held that a proceeding similar to the one taken in this case is not an estoppel, but simply one for the purpose of having the final account filed with the clerk and audited. It also decides that the taxes paid on the land are not proper credits to the administrator. As to the estoppel, see *Royster v. Wright,* 118 N. C., 152; *Allen v. Royster,* 107 N. C., 278; *Collins v. Smith,* 109 N. C., 468. It is said in *Bean v. Bean, supra:* "The account, as filed and stated in response to the citation, had no more force or effect against him than the account would have had if he had filed it voluntarily. The statute expressly provides that 'it shall be deemed prima facie evidence of correctness,' even when it is audited by the clerk, by the examination of vouchers or witnesses, or of both. The auditing is an *ex parte* proceeding and has none of the features or characteristics of that kind of judicial proceeding the judgment in which works an estoppel upon the parties. This really disposes of the other question, as, if the plea was bad on the defendant's own showing, there was no use in deferring the taking of the account until it was passed upon, and the court was right in holding that the said proceeding did not constitute an estoppel, nor could it form the basis of a good plea in bar. *Jones v. Sugg,* 136 N. C., 143. The judgments were evidence of the indebtedness and very conclusive proof. *Brown v. Harding,* 170 N. C., 253 (*s. c.,* 171 N. C., 686). Having held that there was no estoppel and that the plea in bar was not good, there was nothing for a jury to try, and there was no application, and certainly no proper application, for a jury trial upon any other question. *Driller Co. v. Worth,* 117 N. C., 515; *Keerl v. Hayes,* 166 N. C., 553; *Alley v. Rogers,* 170 N. C., 538. The defendant was not entitled to a judgment of nonsuit against the plaintiffs. There was evidence as to the amount of receipts by the administratrix and the burden was upon her to show what she did with them, as she made the disbursements. This refers, of course, to the assets she received, which were properly chargeable to her in her final account. There is no serious dispute as to what she did with the assets, as it is stated in the account, but she had merely paid some of the creditors more than their just share.

The finding of the referee that the administratrix is indebted to the plaintiffs in the several amounts above set forth in the statement of the case was well supported by the facts, and, besides, when a referee makes a finding of fact from evidence and it is approved by the judge,

upon exception to the report, we do not review the finding here. *McCullers v. Cheatham,* 163 N. C., 63; *Spruce Co. v. Hayes,* 169 N. C., 254; *Sturtevant v. Cotton Mills,* 171 N. C., 119; *Alley v. Rogers, supra.* A careful review of the case leads us to the conclusion that there was no error committed by the court, and we, therefore, affirm the judgment.

Affirmed.