SUSAN B. KEERL AND THOMAS M. NELSON ET AL. v. J. F. HAYES AND THE TOXAWAY COMPANY.

(Filed 23 September, 1914.)

1. **Reference, Compulsory—Exceptions to Order—Trial by Jury— Exceptions to Report—Issues Stated.**

    A compulsory reference is proper in a controversy involving conflicting boundaries of lands, but a party may preserve his right to a trial by jury by objecting and excepting to the order at the time it was made; and where he thereafter aptly excepts to the findings of the referee, and sets forth the issues upon which he desires a jury trial, he will not be held to have waived his rights thereto.

2. **Reference, Compulsory — Exceptions — Collateral Agreements— Substitution of Trustee—Waiver—Trial by Jury.**

    Parties to an action which has been referred under a compulsory order of the court, who except to the order, but agree that it may be signed out of the term and district, do not by such agreement lose their rights to a trial by jury; nor do they lose such right by agreeing to the substitution of another referee, under the terms of the original order, upon the death of the referee therein named.

APPEAL by plaintiff from *Cline, J.,* at April Term, 1914, of TRANSYLVANIA.

This is a motion by the defendant for a jury trial. The court made an order decreeing that the defendants were entitled to a jury trial upon certain issues set out in the record. The plaintiff excepted and appealed.

*Smathers & Ward and D. L. English for plaintiffs.*
*J. H. Merrimon for defendants.*

BROWN, J. The only question presented by this appeal is, Did the trial court err in ordering that the defendants be allowed a trial by jury of the issues raised by the defendants' exceptions to the referee's report and the pleadings?

This cause was referred to the Hon. Thomas B. Womack by an order of Neal, J., which contains the following paragraph:

"It was further agreed by all the parties that the order might be signed by the judge out of the district and not in term-time, it being understood that they do not agree to the reference, and all the parties except to the order of reference, waiving only the facts that the order is signed not in term-time and outside of the district."

During the progress of the reference and before the report had been filed, the referee Womack died and an order was made substituting S. J. Erwin "as referee in this action in the place and stead of the said Thomas B. Womack, and is hereby authorized and directed to carry out and execute the order appointing the said Thomas B. Womack as referee in this action."

The reference was completed by Mr. Erwin, who filed his report on 10 September, 1913. Exceptions were filed by the plaintiffs and the defendants, whereupon the court made the following order:

"The plaintiffs in due time filed one exception to the report of the referee, without asking a jury trial thereon. The defendants filed a number of exceptions, asking a jury trial thereon, as will appear by reference thereto.

"The plaintiffs at April Term, 1914, moved for a judgment upon the report of the referee and according thereto, except as to their one exception, which they ask the court to hear and determine.

"The court upon inspection of the original compulsory order of reference to Judge Womack, now deceased, and also of the paper denominated a consent substitution of the name of S. J. Erwin as referee in the place of Judge Womack, was of the opinion, and so held, that the latter paper did not operate to estop the defendants from asking and demanding a jury trial upon such issues as were properly raised by exception taken in due time under the statute and issues tendered, as provided by law, and it appearing to the court that the defendants had filed their exception and tendered suitable issues in due time, it is now ordered by the court that the case stand for trial before a jury upon such exceptions and such issues as will be found to be properly raised by the defendants' exceptions, and in order that the whole matter might be heard at the same time, continued the hearing of the plaintiffs' exception, and any exceptions of the defendants as are raised for the determination of the court without a trial by a jury, if any, and the plaintiffs excepted to the ruling of the court to the effect that the defendants were entitled to a trial by a jury.

"By consent, both plaintiffs and defendants were given twenty days after the adjournment of this term of court in which to file any additional exceptions to the report of the referee, if they so desired."

It must be admitted that the original order constitutes a compulsory reference. If so, the defendants cannot be said to have waived their constitutional right of trial by jury. *Hockaday v. Lawrence,* 156 N. C., 321.

The matter involved and at issue by the pleadings is one in which compulsory reference is proper, because it involves the conflicting question of boundary. Revisal, sec. 519, subsec. 3.

Such a reference, however, does not deprive the party of his right to have the issues tried by jury, where such right has not been waived or forfeited. *Wilson v. Featherston,* 120 N. C., 446; *Yelverton v. Coley,* 101 N. C., 248.

The defendants in this case, when the order of reference was made, specifically objected, and their exception appears in the

order itself. That such exception saved their rights to a trial by jury, in accordance with our decisions, is well settled.

In *Ogden v. Land Co.*, 146 N. C., 444, *Mr. Justice Walker* says: "The defendants, when the reference was ordered by Judge Justice, entered *a general exception* to the same, in the following words: 'Defendants' counsel except to the above order of reference.' This was held 'sufficient to save the right of the defendants to a trial by jury.' What could an objection to an order of reference mean, unless it was a challenge of the power of the court to take away from the objector the right to a trial by jury?"

It is equally as plain to us that the defendants did not waive their rights to a trial by jury in the order appointing Erwin referee in place of Womack to complete the reference. That was a mere substitution of one person for another, and the consent related solely to the selection of the individual.

This substitute referee is empowered and directed to carry out and execute the order of reference theretofore made. The consent to substitute Erwin for Womack added nothing to and subtracted nothing from the original order of reference. There was no intention, however, upon the part of the defendants to waive their rights under the original order of reference, and their exception to that order has in no view, so far as we can see, been abandoned.

It is contended, however, by the plaintiffs that the defendants have waived their rights to trial by jury since making of the order of reference by not filing their exceptions and pertinent issues, as required by law. We recognize the rule of law that a party may waive and forfeit his rights to a jury trial, which he has preserved by proper exceptions in apt time to a compulsory reference. Such party will be deemed to have abandoned this right by not pointing out at the time when the exceptions were filed the issues upon his exceptions to the report of the referee and by not presenting such issues as he deems necessary to present the controverted facts, which were issuable upon the pleadings. *Ogden v. Lumber Co., supra; Driller Co. v. Worth*, 117 N. C., 515.

It appears in the order of Judge Cline that the defendants in apt time filed a number of exceptions to the report of the referee and asked a jury trial upon the issues raised. The issues, which form a part of the exceptions of the defendant to the referee's report, all being dated 28 March, 1913, are set out in the record. There are twenty-eight in number. It is useless to repeat them in this opinion. They embody findings of fact upon quite a number of questions which have been passed on by the referee. We think his Honor was correct in holding that these issues, duly filed with the exceptions of the defendant to the report of the referee, should be submitted to a jury.

It is difficult to conceive how the defendants could have more completely complied with the decisions of this Court than they have.

In considering the order appealed from in this case, we doubt very much whether it is not a premature appeal, especially as in the order made all parties are given twenty days after the adjournment of the term in which to file additional exceptions to the report of the referee. But inasmuch as the point is not made by the appellee, and as it is evidently desirable to have the questions determined before the case is tried by a jury, we have concluded to pass upon the matters involved in the appeal upon their merits.

The judgment of the Superior Court is

Affirmed.