PAULINE ALLEY ET AL. v. DAVID ROGERS.

(Filed 22 December, 1915.)

1. Reference—Pleas in Bar—Limitation of Actions.

A plea in bar must be to the "whole action" or to the "entire cause of action," to require that it be determined before reference ordered; and when it appears that the reference involved taking a mutual account between the parties, of long standing, for services charged and payments made, extending to a short time before the commencement of the action, a reference was proper; and upon the findings of the referee, confirmed by the trial court, in this case, the action was not barred by the statute. *Stancil v. Burgwyn,* 124 N. C., 69.

2. Reference—Jury—Waiver.

A party objecting to a compulsory reference waives his right to a trial by jury by failing to assert it definitely and specifically in each exception to the report and to file the proper issues he desires to be submitted to them.

3. Reference—Findings—Appeal and Error.

Findings of fact by the referee, supported by sufficient evidence and confirmed by the trial judge, are conclusive on appeal.

APPEAL by defendant from *Cline, J.,* at February Term, 1915, of JACKSON.

Civil action upon exceptions to referee's report. His Honor overruled defendant's exceptions, confirmed the report, and rendered judgment for plaintiff. Defendant appealed.

*C. C. Cowan, Alley & Leatherwood* for plaintiff.

*Moore & Moore, Bourne, Parker & Morrison and Theodore F. Davidson* for defendant.

BROWN, J. We will not consider *seriatim* the thirty-four assignments of error in the record, but only those salient points determinative of the case. The action was commenced 13 March, 1913. The plaintiffs complain that from 15 March, 1895, until 15 October, 1911, at the request of the defendant, they furnished to him board, food, lodging, attendance, and other necessaries, doing his mending, laundry, and furnishing food and lodging for his laborers on his farms and his many business visitors during said period, and feed for his visitors' teams,

and in every year of said period the defendant made payments on the account of said services, directing the same to be credited on the running account between them, the total of which said payments amounts to $411.83,.and that the services of the plaintiffs rendered to the defendant during said period were reasonably worth the sum of $2,885.03, leaving a balance due the plaintiffs of $2,573.17.

The defendant answered, admitting the services rendered and admitting that he made payments from time to time, and insists that the payments which he made were reasonably worth what the services would reasonably amount to, and attempted to plead the statute of limitations.

The evidence shows that payments were made by the defendant on this account during the entire period, some in each year, the last two being, the year 1912, $10, and the year 1913, $10.

1. The court ordered a compulsory reference. The defendant contends that the statute of limitations is properly pleaded in bar of a recovery, and that it was error to refer the cause before determining this plea.

We doubt if the plea is well pleaded. *Murray v. Barden,* 132 N. C., 136; *Lassiter v. Roper,* 114 N. C., 20.

However that may be, it is not a bar to the whole cause of action set out in the complaint. It does not necessarily bar the entire cause of action, for it is alleged that the defendant made payments upon a running and mutual account up to 1913.

As the statute of limitations in this case involves mixed questions of law and fact, it was necessary to take and state the account. Upon the facts as found by the referee, the statute does not bar a recovery. *Stancil v. Burgwyn,* 124 N. C., 69-71.

In those cases where this Court has held that a reference should not be made when there is a plea in bar, the plea constituting the bar has extended to the whole action, and the Court seems to have been particular to have used the term "whole action" or "entire cause of action." *Oldham v. Rieger,* 145 N. C., 254; *Duckworth v. Duckworth,* 144 N. C., 620; *Jones v. Wooten,* 137 N. C., 421; *Bank v. Fidelity Co.,* 126 N. C., 320; *Comrs. v. White,* 123 N. C., 534.

2. The defendant contends that the court erred in denying him a trial by jury. If defendant desired to preserve his right to a jury trial he should have formulated the issues arising upon his exceptions and filed them at the time of filing his exceptions.

The Court finds that no such issues were made, tendered, attached to or filed with said exceptions. Some issues appear in the printed record, but by examination it will be seen that these are no part of the record or of the case on appeal, and, as appears from the certificate of the clerk thereto appended, were not filed until two months after defendant's exceptions were filed.

It has been frequently held that although a party duly enters his objection to a compulsory reference, he may waive it by failing to assert such right definitely and specifically in each exception to the referee's report and by their failing to file the proper issues. *Driller Co. v. Worth,* 117 N. C., 515, and cases cited in annotated edition; *Keerl v. Hays,* 166 N. C., 553.

3. It is contended that there is no sufficient evidence to sustain the findings of fact. The weight of the evidence is not for us to pass on. An examination of the record discloses abundant competent evidence to sustain the allegations of the complaint and the findings of the referee. These findings were confirmed by the judge, and the conclusions of law necessarily follow from such a state of facts. The judgment is

Affirmed.