J. B. AND F. B. ROBINSON v. W. J. JOHNSON.

(Filed 3 October, 1917.)

1. **Reference—Exception—Waiver.**

Where a party to an action excepts to a compulsory reference, he must specifically except in apt time to each of the findings of the referee, and demand, a trial by jury thereon, when he desires such trial, and submit issues upon which he demands the trial by jury, or he will be deemed to have waived such right.

2. **Same—Confirmation Order—Appeal and Error.**

Exceptions taken alone to the rulings of the trial judge upon exceptions to the referee's report, without exception aptly and properly taken to the referee's findings, will not be considered on appeal.

3. **Equity—Suits—Mortgages—Time to Redeem—Evidence—Purchase Price.**

Where a mortgagor has given two mortgages on the same land, to the same person, the second mortgage embracing an additional tract, and sues to redeem, and to enjoin the sale under the second mortgage, alleging, also, payment in full, and the court has judicially determined that he still owes a certain balance to the mortgagee: *Held,* the mortgagor, having the right to redeem, upon payment of the ascertained balance and costs, is not prejudiced by the failure of the court to have considered the amount bid at the foreclosure sale, if such has been done.

CIVIL ACTION, heard by *Devin, J.,* upon the report of referee, at October Term, 1916, of SAMPSON.

The action was brought to redeem two mortgages made by the plaintiffs, John B. Robinson and Fletcher B. Robinson, to the defendant, W. J. Johnson, the first mortgage dated 20 April, 1907, securing a debt of $1,227.95, due by four several notes, of equal amounts, and the second for $1,491.39, both mortgages describing 215 acres of land, and the second mortgage an additional tract of 200 acres. Defendant sold the 215 acres, the sawmill and fixtures, under the second mortgage, and bought them for himself at his own sale, but through another party, who acted for him. Plaintiffs alleged that the defendant took possession of said lands and cut cross-ties and timber therefrom worth $1,060, and committed waste thereon, so that the lands, by defendant's bad husbandry and the damage done to the land in other ways, was permanently injured and depreciated in value to plaintiffs' damage $1,000, and that the rental value of the land is $200 per annum. They further allege that upon a fair accounting between the parties, it will be found that the debts secured by the mortgages not only have been fully paid, but the defendant is indebted to them. They ask for an injunction against a sale, under the second mortgage, of the 200-acre tract of land, which has been advertised for sale by the defendant, for an accounting, and the cancellation of the mortgages which have been satisfied in the manner above stated.

The case was referred by the court, without the consent of the plaintiffs, who objected to the reference, and demanded a jury trial. The referee reported that a balance of $163.98, subject to a credit of a less amount, was due to the plaintiffs. No exceptions were filed by the plaintiffs, nor did they demand a jury trial. Defendants filed exceptions, but plaintiff did not tender any issue upon them. The judge passed upon the defendant's exceptions and found that the plaintiffs owed the defendant $452.01, with interest from 1 January, 1915, and the plaintiff, F. B. Robinson, owed the defendant $60, with interest from 1 January, 1912, and judgment was entered accordingly. Plaintiffs reserved their exceptions, and appealed.

*Grady & Graham and Kerr & Herring for plaintiffs.*
*Henry E. Faison, John G. Shaw, and I. C. Wright for defendant.*

WALKER, J., after stating the case: Plaintiffs have clearly waived their constitutional right to the trial of the issues in the case by a jury, as they failed to except to the referee's report, and did not tender any issues at all, not even on the defendant's exceptions. This was really tantamount to an agreement on their part that the judge should pass upon the defendant's exceptions without a jury. Numerous cases support the view that there was a clear waiver of trial by jury. It was held in *Driller Co. v. Worth,* 117 N. C., 515:

"1. A party cannot be deprived of the right to a trial by jury, except by his own consent.

"2. The right to a jury trial may be waived by failure of a party to appear, or by the written agreement of himself or his attorney, or by oral consent entered on the minutes of the court, or by submission to a reference.

"3. Where an action is once referred by agreement, the order of reference cannot be annulled, except by the consent of all parties.

"4. Failure to object to an order of reference at the time it is made is a waiver of the right to a trial by jury.

"5. Although a party has his objection to a compulsory reference entered in apt time, he may waive his right to a trial by jury by failing to asert it definitely and specifically in each exception to the referee's report.

"6. Where there was a compulsory reference objected to by defendants, and the referee filed fourteen findings of fact, some of which related to questions not in issue under the pleadings, and defendants filed exceptions to the findings, a demand at the end of their exceptions for a jury trial on all the issues raised thereby was too general to entitle them to such a trial."

And it was held in a subsequent appeal in the same case (118 N. C., 746) that "although, in case of a compulsory reference, a party may in apt time reserve his constitutional right to a trial by jury at every stage of the proceeding, yet he may waive it by failing to set forth in his exceptions to the referee's report a specific demand for the trial of the precise issue of fact raised by the pleadings and passed upon by the referee in the finding to which exception was taken." These cases have frequently been approvel and affirmed. *Ogden v. Land Co.,* 146 N. C., 443; *Simpson v. Scronce,* 152 N. C., 594; *Mirror Co. v. Casualty Co.,* 153 N. C., 373, where the cases are collected; and the recent case of *Alley v. Rogers,* 170 N. C., 538, where the Court says: "It has been frequently held that although a party duly enters his objection to a compulsory reference, he may waive it by failing to assert such right definitely and specifically in each exception to the referee's report, and by failing to file the proper issues. *Driller Co. v. Worth,* 117 N. C., 515, and cases in annotated edition; *Keerl v. Hays,* 166 N. C., 553."

The plaintiffs filed certain exceptions to the rulings of the judge upon defendant's exceptions to the report of the referee, but they, or the most of them, are really addressed to the findings of fact by the judge, and we have often held that we will not review such findings, when based upon evidence. *Cotton Mills v. Cotton Mills,* 115 N. C., 475; *Harris v. Smith,* 144 N. C., 439; *Frey v. Lumber Co., ib.,* 759; *Williamson v. Bitting,* 159 N. C., 321; *McCullers v. Cheatham,* 163 N. C., 61; *French v. Richardson,* 167 N. C., 41.

The facts as to the sale of the land and other property of the defendants, and the amount bid for them, are not material now, as the judge has found what amount is due on the mortgage debt, and the plaintiffs can redeem by paying it and the costs. They are not prejudiced by a failure to consider the amount which was bid for this property at the sales, if there has been any such failure.

The remaining exceptions, which we have fully examined in connection with the findings of fact, are without merit, even if they are sufficiently presented and discussed in the defendant's brief. The learned judge who presided at the hearing of the exceptions appears to have given the case careful study, and to have reached the right conclusion.

Affirmed.