## D. A. BAKER v. J. J. EDWARDS & SON.

(Filed 16 October, 1918.)

**1. Reference—Exceptions—Issues Tendered—Waiver.**

Where the trial upon a compulsory reference has been concluded before the referee, without exception or demand for a jury trial, or issues submitted, the mere exception to the order of reference will not have preserved this right; and where the party now demanding such trial has won before the referee, and the report is before the judge on his adversary's exception, his not having presented the issues he desires the jury to pass upon, and participating in the controversy without objection until the referee's findings have been reversed, will be deemed a further waiver of the right.

**2. Same—Satisfactory Report.**

Where a party excepting to a compulsory reference has won before the referee, he is not relieved of the requirement that he must preserve his right to a trial by jury by making a demand therefor and submitting the issues he desires to be thus tried, etc., in apt time, even upon his adversary's exceptions.

**3. Same—Estoppel.**

A party who has excepted to a compulsory order of reference has an election either to preserve his right to a trial by jury or to proceed under the order of reference without it; and his taking the latter course, or making use of it, without objection, will exclude the other one; and where he has not preserved his right to a trial by jury, but attempts to do so by making demand and tendering issues after the judge has reversed the findings of the referee, he will be concluded by the order of the judge, though the findings of the referee were satisfactory to him.

**4. Reference—Exceptions—Issues—Purpose of Reference.**

Requiring issues to be submitted on exceptions taken on the hearing of a case before the referee is for the purpose of eliminating questions not controverted, and reducing the inquiry to a smaller compass.

ACTION tried before *Stacy, J.,* at January Term, 1918, of WAKE, on exceptions to the report of a referee.

The following is the statement of the case on appeal, as agreed upon and signed by the attorneys of the respective parties, omitting some formal and immaterial parts:

This was a civil action in the Superior Court of Wake County. After the pleadings were filed and the trial entered into before Judge Charles M. Cooke and a jury, the court of its own motion made an order referring the case to Murray Allen, Esq., as appears in the record. To this order both plaintiff and defendant excepted and reserved their respective rights to a jury trial.

The referee executed the order of reference, and made his report to the April Term, 1917, of the Superior Court of Wake County. At said term of court, by consent an order was made, allowing both parties sixty days in which to file exceptions to the report of the referee, as of April Term, 1917. That term of court ended 4 May, 1917, and defendants filed their exceptions on 30 June, 1917, which appear in the record. Plaintiff did not file exceptions. The case was calendared for hearing on trial and motion dockets upon defendant's exceptions at more than one term of court in the fall of 1917, but, not being reached for trial, was continued.

The exceptions came on to be heard before his Honor, Judge W. P. Stacy, at the 2d January, 1918, civil term of the Superior Court of Wake County, and was heard and fully argued by counsel on both sides. His Honor took the evidence and typewritten briefs on behalf of plaintiff and defendants, and, after considering the same, announced he had reached a conclusion different from that of the referee, and he was of the opinion that plaintiff had not sustained his contention, and would sustain the exceptions and find the facts from the evidence according to defendant's contention. Whereupon, for the first time since the reference by Judge Cooke, plaintiff demanded a jury trial or that the case be remanded to the referee, and plaintiff tendered the issue stated in record. His Honor refused to submit the case to the jury or to remand it to the referee, and stated that, viewing the evidence as he did, he would render judgment in favor of the defendants, except that the plaintiff would be allowed to cash the check given him by the defendants and which he had held. His Honor suggested to defendants to submit form of judgment to him the next morning. This was done, and his Honor asked if there was any objection to the form of the judgment. Plaintiff's counsel stated that the judgment was in proper form, but again contended that plaintiff had the right to a trial by jury upon the issues tendered, and again demanded a jury trial. His Honor refused to submit the issue to the jury. Plaintiff excepted. His Honor rendered the judgment set out in the record, to which plaintiff excepted.

Plaintiff insisted upon his right to have the issue tried by jury, and excepted to a refusal of the same, and appealed.

The plaintiff assigned the following errors:

1. That his Honor refused to submit the issue tendered by the plaintiff, the reference being a compulsory reference and the plaintiff having

excepted to the order of reference and reservd his right to a trial by jury.

2. That his Honor signed the judgment set out in the record.

*Manning & Kitchin for plaintiff.*

*A. Jones & Son and James H. Pou for defendants.*

WALKER, J., after stating the case, as above: There appears to be but one assignment of error in this appeal, which is, that the court refused the plaintiff's request for a trial by jury, under the circumstances detailed in the statement of the facts by us. We discover no error in this ruling.

The procedure to be followed when a party has duly excepted to a compulsory reference and thereby reserved his constitutional right to trial by jury has been so often considered and so thoroughly settled that we need do little more than refer to some of the precedents. *Driller Co. v. Worth,* 117 N. C., 515 (*S. c.,* 118 N. C., 746); *Taylor v. Smith,* 118 N. C., 127; *Kerr v. Hicks,* 133 N. C., 175; *Ogden v. Land Co.,* 146 N. C., 443; *Simpson v. Scronce,* 152 N. C., 594; *Pritchett v. Supply Co.,* 153 N. C., 344; *Mirror Co. v. Casualty Co.,* 153 N. C., 373; *Robinson v. Johnson,* 174 N. C., 232, and *Loan Co. v. Yokley,* 174 N. C., 573.

In *Simpson v. Scronce, supra,* we said: "It further appears that, 'Upon said exceptions, the plaintiff demanded a trial of the same by a jury.' He did not tender any issue as to any controverted fact which he desired to be submitted to a jury, but simply asked, in a general way, for a jury trial upon the exceptions filed by him. Some of the exceptions involved questions of law, and of course they could not be tried by a jury, and if, upon any exceptions which involved an issue of fact, the plaintiff wished to have a jury trial, he should have tendered the proper issue."

And in *Driller Co. v. Worth, supra,* it was held: "Where a party promptly insists upon reserving his right of trial by jury, and causes his objection to be tendered of record, when the compulsory order of reference is made, he may still waive by failing to assert it in his exceptions to the referee's report. *Harris v. Shaffer,* 92 N. C., 30; *Yelverton v. Coley,* 101 N. C., 248."

"The law implies that the party objecting will give timely notice of the specific points upon which he elects to demand a trial by jury, instead of submitting to the findings of the referee, in order that the opposing party may know how to prepare to meet him by summoning the material witnesses if necessary." And, again: "Although a party has his objection to a compulsory reference entered in apt time, he may waive his right to a trial by jury by failing to assert it definitely and specifically in each exception to the referee's report. Where there was a compulsory reference objected to by defendants, and the referee filed fourteen find-

ings of fact, some of which related to questions not in issue under the pleadings, and defendants filed exceptions to the findings, a demand at the end of their exceptions for a jury trial on all the issues raised thereby was too general to entitle them to such a trial." *Justice Brown* says, in *Alley v. Rogers,* 170 N. C., 538: "It has been frequently held that, although a party duly enters his objection to a compulsory reference, he may waive it by failing to assert such right definitely and specifically in each exception to the referee's report, and by failing to file the proper issues," citing *Driller Co. v. Worth, supra,* and cases in Anno. Ed. *Keerl v. Hays,* 166 N. C., 553.

But the case of *Robinson v. Johnson, supra,* is decisively against the appellant's contention. We said in that case: "Plaintiffs have clearly waived their constitutional right to the trial of the issues in the case by a jury, as they failed to except to the referee's report, and did not tender any issues at all, not even on the defendant's exceptions. This was really tantamount to an agreement on their part that the judge should pass upon the defendant's exceptions without a jury. Numerous cases support the view that there was a clear waiver of trial by jury," citing cases.

The case of *Loan Co. v. Yokley, supra,* is more like this one than any of the others we have cited. There it appears that· plaintiff filed no exceptions, but was content with the report of the referee, which he deemed to be in his favor, and defendant filed an exception, which was sustained; no objection, as here, being offered to the court passing upon it. But the exact identity of the two cases, both in fact and in law, will be better shown by quoting from the statement of the case by *Justice Allen,* who wrote the opinion: "His Honor, then, over the objection of the plaintiff, made an order of compulsory reference to state the account between the plaintiff and the defendants. The referee appointed in the order, after hearing evidence for the plaintiff and the defendants, made his report to a subsequent term of the court, in which he found the facts as contended for by the plaintiff. The defendant filed exceptions to said report. The exceptions were heard and were sustained, the judge finding the facts as contended for by the defendants. The plaintiff moved for a confirmation of the report of the referee, but stated that if the report was not confirmed it desired to note exceptions and formulate an issue or issues to be submitted to a jury. There was no objection made to the court hearing and passing upon the exceptions of the defendant to the report, nor did the plaintiff tender any issues upon the exceptions, nor ask for any issues to be submitted to a jury until after the judge had heard and passed upon the exceptions." Those are the same facts upon which we now must pass, and in reference to them *Judge Allen* said: "These findings of fact are supported by evidence and are conclusive

upon us, and the plaintiff waived his right to have a jury trial upon them by failing to demand a jury upon the exceptions. The plaintiff could not take its chance with the judge for a favorable decision, thereby consenting that he should hear the exceptions and then ask for a jury trial if the decision was unfavorable." It will be noted that in both cases, *Loan Co. v. Yokley, supra,* and the one now being considered, the plaintiff had a favorable report from the referee, and therefore filed no exceptions, but the defendant did file an exception, and the judge sustained this exception and virtually reversed the finding of the referee, as the judge did in this case. The plaintiff then asked for a trial by jury, but it was held by this Court, sustaining the judge below, to be plain that he had waived his right to such a privilege by not asserting it in the proper way and at the proper time.

It is argued, though, that plaintiff could not except to a report favorable to himself. Of course not; but if he elected to stand by this favorable report and ask a judge and not a jury to confirm it, he is clearly bound by his election, once made. He had an alternative remedy. The defendant had attacked the report by exceptions, alleging radical error in it, and if plaintiff was not willing, as his conduct did not indicate, that the judge should hear and decide upon these exceptions without a jury, he could have enforced his constitutional right by framing such issues on defendant's exceptions as he thought were proper, and have them passed upon, not by the court, but by a jury, so that he might exercise his constitutional right and have the full benefit thereof by having a jury say whether there was any error of the referee, as specified in the defendant's exceptions. But this he did not do, but, by his silence, if not by his affirmative action and conduct, he manifestly evinced his purpose to make what he considered a wise and safe election, and have the judge decide upon the exceptions of defendants. If we should permit him now, after deliberately making this choice, and lost, to take another chance, it would not be fair to the defendants, who had trusted the matter to the judge, and who supposed, and had the right to suppose, that the plaintiff had likewise done so. The law rarely gives a litigant more than one fair chance. Where he has two remedies, he may choose between them and select that one which he deems the best for him, but he must abide the result of his choice. This is not only legally but morally right.

An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts, and it was said in the Scottish law to be based upon the principle that a man shall not be allowed to approbate or reprobate. His taking the one, or making use of it, will exclue or bar the prosecution of the other. The doctrine is gen-

erally regarded as being an application of the law of estoppel, upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions. 9 R. C. L., pp. 956, 957, par. 1. The principle is thus stated in 9 Rul. Case Law, at p. 958, par. 3: "The doctrine of election of remedies applies only where there are two or more remedies, all of which exist at the time of election, and which are alternative and inconsistent with each other, and not cumulative; so that, after the proper choice of one, the other or others are no longer available. This is upon the theory that, of several inconsistent remedies, the pursuit of one necessarily involves or implies the negation of the others." And 15 Cyc., 262, states it this way: "An election, once made, with knowledge of the facts, between coexisting remedial rights which are inconsistent, is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to any action, suit, or proceeding based upon a remedial right inconsistent with the asserted by the election, or to the maintenance of a defense founded on such inconsistent right."

The plaintiff's argument cannot be limited in its scope or conclusion to the suggestion that, as the report was favorable to him, he could not except, for it reaches beyond that statement and must take in, as one of its necessary premises, that the plaintiff could proceed to have a jury hearing upon the defendants' exceptions if he had submitted issues for the purpose. The report would have remained intact and therefore still in his favor, had he succeeded upon these issues before the jury, for the exceptions were all that threatened his recovery upon the favorable report of the referee. And the same result would have followed had he convinced the judge of the invalidity of the exceptions, and, consequently, of the correctness of the report. When the plaintiff joined in the argument of the exceptions, without asserting his right to a jury trial, his silence gave implied assent to the course adopted by the judge. See Broom's Legal Maxims (6 Am. Ed.), p. 108, star p. 140, applying the maxim, *Qui·tacet consentire videtur.* It was a clear waiver of any such right. 2 Comstock, 281. The above maxim is closely related to another, that the acquiescence of a party who might take advantage of an error obviates its effect (*Consensus tollit errorem*); and so, if he does not object to a certain procedure, nor relies and insists on one more beneficial to himself, he likewise, upon the same principle, is bound by his silence, as if he had expressly approved that course which was taken by the court. "On the maxim under consideration depends also the important doctrine of waiver—that is, the passing by of a thing—a doctrine which is of very general application, both in the science of pleading and in those practical proceedings which are to be observed in the

progress of a cause from the first issuing of process to the ultimate sign-ing of judgment and execution." Broom's Legal Maxims, *supra*.

It is also to be said—and this reason was strongly put by Mr. Pou—that while plaintiff was experimenting with his first choice, hoping to win out, the judge delivered the final judgment, which made it all too late for the plaintiff to ask a reopening of the case, when he discovered that he had been defeated before the tribunal of his own choice. The case was then closed beyond relief to the plaintiff, except by appeal.

The object in having issues upon exceptions is that many questions not controverted `may be eliminated, and the issues confined to those items which really are in dispute, instead, if it can be avoided, of going over the entire field of inquiry by the general issue, it being the one ten-dered by the plaintiff in this case. It has the advantage of reducing the controversy to a smaller compass, and compulsory reference would be of no advantage, except under such a procedure.

We find no error in the record, and must affirm the ruling of the court. Affirmed.