### HERBERT JENKINS v. PAUL H. PARKER.

(Filed 22 September, 1926.)

**Reference—Trial by Jury—Objections and Exceptions—Issues.**

> In order for either party to a compulsory reference under our statute to preserve his right to a trial by jury, he must except to the order at the time it is made, and preserve this right by filing exceptions to the report of the referee, if adverse, and further tender proper issues and demand a jury trial thereon. If the report of the referee be favorable, he must tender issues and demand a jury trial on his adversary's exceptions.

APPEAL by defendant from *Sinclair, J.,* at October Term, 1925, of HERTFORD.

Civil action for trespass, with title to land in dispute and involving a complicated question of boundary.

A compulsory reference was had under C. S., 573, exceptions duly filed to the report of the referee, and a jury trial demanded on some of the exceptions, but no issues tendered.

From a judgment adopting the report of the referee, with additional findings by the judge, and denying the motion for a jury trial on exceptions taken to the referee's report, the defendant appeals.

*Alexander Lassiter and Winston & Matthews for plaintiff.*
*W. H. S. Burgwyn, E. R. Tyler and Stanly Winborne for defendant.*

STACY, C. J. The appeal presents the question as to whether the defendant is entitled to a jury trial on any of his exceptions filed to the report of the referee. We think not.

When a compulsory reference is ordered, the party who would preserve the right to have the issues found by a jury, must duly except to the order of reference; and, upon the coming in of the referee's report, if it be adverse, he must file exceptions thereto in apt time, properly tender appropriate issues, and demand a jury trial on each of the issues tendered, and, if the referee's report be in his favor, he

must seasonably tender issues on the exceptions, if any, filed to the report by the adverse party, and demand a jury trial thereon, or else the right to have the controverted facts determined by a jury will be deemed to be waived, so far as he is concerned. *Driller Co. v. Worth,* 117 N. C., 515; *Baker v. Edwards,* 176 N. C., 229.

The reason the successful party before the referee is required to tender issues on the exceptions filed by his adversary and demand a jury trial thereon, in order to preserve his right to have the controverted facts settled by the jury, is apparent when it is remembered that the losing party before the referee may waive his right to a jury trial on exceptions filed by him or withdraw his demand therefor at any time. *Robinson v. Johnson,* 174 N. C., 232.

Here, it is conceded, the defendant tendered no issues on the exceptions filed by him to the referee's report. This was a waiver of his right to have the controverted matters of fact determined by a jury. *Simpson v. Scronce,* 152 N. C., 594.

Other objections to the validity of the trial were argued on the hearing, but as they cannot be sustained, and present no new question of law, we deem it unnecessary to deal with them in an opinion.

Affirmed.