R. B. BROWN, TRADING AS SALEM STEEL COMPANY, v. MRS. MINNIE K. BROADHURST AND A. F. NANCE.

(Filed 20 November, 1929.)

**1. Jury C a—In this case held: defendant had preserved right to trial by jury and refusal of jury trial was reversible error.**

In an action to enforce a lien for material furnished the contractor and used in the construction of the owner's building when the defendant owner excepts to the order of reference and preserves her right to trial by jury throughout, and tenders exceptions to the referee's findings with demand in apt time for a trial of the facts by jury: *Held*, error for the trial court to confirm the referee's report and deny defendant's right to a trial by jury.

**2. Contracts F c—Instruction in effect placing burden of proving breach of contract on both parties is reversible error.**

Where in the action by a material furnisher to enforce a statutory lien against the owner of a building the question is involved as to whether the defendant had breached her contract with her contractor, the submission of two issues to the jury, one as to the owner's breach and the other as to the contractor's breach of the same contract, under instructions placing the burden of proving one of these issues on the defendant and the other on the plaintiff, is reversible error, the effect being to put the issue as to defendant's breach upon both parties at the same time. As to the question of waiver of the defendant's breach *quære?* but not decided.

APPEAL by defendant, Mrs. Minnie K. Broadhurst, from *Shaw* and *Moore, JJ.,* at April and August Terms, 1929. From GUILFORD.

Civil action to recover for materials furnished by plaintiff and used by A. F. Nance, contractor, in the construction of a building for Mrs. Minnie K. Broadhurst, owner, on a lot in the city of High Point, and to enforce a lien upon said property.

Upon denial of liability, and issues joined, the jury, at the April Term, 1929, Superior Court of Guilford County, Hon. Thomas J. Shaw, judge presiding, returned the following verdict:

"1. Did the plaintiff give to the defendant, Minnie K. Broadhurst, owner of the lands described in the complaint, notice of his alleged

claim against the defendant, A. F. Nance, contractor, as alleged in the complaint and as prescribed by statute? Answer: Yes.

2. If so, did the defendant make payment to the contractor after receiving said notice, and if so, in what amount? Answer: $1,147.60.

3. Did the defendant, Nance, breach the contract, as alleged in the pleadings? Answer: No.

3½. If so, what amount, if any, did Mrs. Broadhurst expend to complete the said building in accordance with the contract with the defendant, Nance? Answer: ...........

4. Did the defendant, Mrs. Broadhurst, breach the contract, as alleged in the pleadings? Answer: Yes.

5. What amount, if any, is the defendant, Nance, indebted to the plaintiff? Answer: $1,208, with interest from 28 February, 1928."

The answer of the jury to the second issue was set aside, and a reference ordered to state an account between the owner and the contractor. The owner objected and demanded a jury trial as to said accounting, and at the same time preserved her exceptions to the validity of the trial on the other issues, upon which judgment was entered in favor of the plaintiff.

Upon exceptions duly filed to the report of the referee, issues tendered, and a jury trial again demanded, the matter came on for hearing before Hon. Walter E. Moore, judge presiding, at the August Term, 1929, Superior Court of Guilford County. The request for a jury trial was denied, all exceptions to the report of the referee were overruled, and from the judgment confirming said report, as well as from the judgment entered at the April Term, the defendant, Mrs. Minnie K. Broadhurst, appeals, assigning errors.

*Archie Elledge and Frazier & Frazier for plaintiff.*
*D. H. Parsons for defendant Broadhurst.*

STACY, C. J., after stating the case: We think it was error for the trial court to confirm the report of the referee at the August Term, without first submitting an appropriate issue to the jury, as the defendant had duly preserved her right to have the controverted matter determined in this way. The appealing defendant objected and excepted to the order of reference at the time it was made, and, on the coming in of the report, she filed exceptions thereto in apt time, properly tendered an appropriate issue and demanded a jury trial on the issue tendered and raised by the pleadings. This preserved her right to have the matter submitted to a jury. *Jenkins v. Parker,* 192 N. C., 188, 134 S. E., 419; *Baker v. Edwards,* 176 N. C., 229, 97 S. E., 16; *Driller Co. v. Worth,* 117 N. C., 515, 23 S. E., 427.

We are also of opinion that error was committed on the trial at the April Term. The third and fourth issues, above set out, refer to the same contract—the building contract between the owner and the contractor. The burden of proof with respect to the third issue was placed upon the defendant, Mrs. Broadhurst, while the plaintiff was given the laboring oar on the fourth issue. Thus, it would seem that the burden of proof, with respect to the alleged breach of the building contract, was put upon both parties at the same time. This was error. *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398.

Furthermore, it may be doubted as to whether the record contains evidence sufficient to support a finding that the contract was breached by Mrs. Broadhurst. True, she stopped the laborers and declined to pay a bill of $98 on the morning of 11 February, 1928, but this was adjusted later in the day through the efforts of the bondsman, with the understanding that the work would continue, and on the following Monday a check for $220 was given to the contractor to cover a draft for materials. As to whether this amounted to a waiver of any prior deviation from the contract, does not seem to have been submitted to the jury, and we are content to place our present decision on the error in the charge relative to the burden of proof.

New trial.