### WARREN H. BOOKER v. TOWN OF HIGHLANDS.

(Filed 12 February, 1930.)

1. **Jury C b—Right to jury trial is waived by failure to except to order of reference and to tender issues on exceptions to referee's findings.**

   The failure of a party to except to an order for compulsory reference and to file exceptions in apt time to particular findings of fact by the referee when the report is unfavorable and to tender issues on the exceptions and demand a jury trial thereon will be deemed a waiver of his right to trial by jury. C. S., 573.

2. **Same—Where party tenders issues on his exceptions to referee's findings his failure to tender issues on adversary's exceptions is not waiver.**

   Where a party excepts to an order for compulsory reference and the referee's report is not wholly favorable to either party and both file

exceptions to the findings of fact by the referee, and the objecting party tenders determinative issues based upon his exceptions and demands a trial by jury thereon, it is not required that he retender issues based on facts pointed out in other set of exceptions filed by the adverse party in order to preserve his right to trial by jury.

3. **Reference D a—Where upon trial on exceptions to referee's report amendment is allowed, evidence on matter in amendment is admissible.**

While a trial by jury upon issues submitted on exceptions to the findings of the referee is upon the record of the proceedings before the referee, it does not include his findings or conclusions, but only the evidence taken before him signed by the witnesses and certified as the statute requires; and where after the filing of the report an amendment is allowed by the court on matters not included in the reference of the case, additional evidence may be introduced on the matters in the amendment.

APPEAL by plaintiff from *McElroy, J.,* at April Term, 1929, of MACON.

Civil action by plaintiff to recover of defendant $2,381.44, balance alleged to be due for engineering services rendered in connection with the construction of a hydro-electric plant and sewer system.

The defendant denied liability and set up a number of counterclaims, aggregating $28,406.30, for losses alleged to have been sustained by reason of plaintiff's incompetence, negligence, and want of skill in supervising the work in question.

At the instance of the plaintiff, and over the objection and exception of the defendant, a reference was ordered and the matters heard by Hon. J. D. Mallonee, who found the facts and reported the same, together with his conclusions of law, to the court. In his report, the referee disallowed the defendant's counterclaims in toto, and concluded that the plaintiff was entitled to recover the sum of $1,889.10 with interest. The report, therefore, was not wholly favorable to either party, being adverse to the defendant and only partially favorable to the plaintiff, and was accordingly objectionable to both.

The defendant objected and excepted to the order of reference at the time it was made, duly filed exceptions to the report of the referee, tendered appropriate issues, and demanded a jury trial on the issues thus tendered and raised by the pleadings.

Thereafter, the plaintiff filed exceptions to the report of the referee, but no issues were tendered on these exceptions, either by the plaintiff or the defendant.

When the matter came on for hearing at the April Term, 1929, the plaintiff moved the court to consider and pass upon the exceptions filed to the report of the referee, by both plaintiff and defendant, without submitting any issues to the jury, contending that the defendant had

waived its right to a jury trial by failing to tender issues on the plaintiff's exceptions. The defendant resisted this motion and demanded a jury trial on the issues already tendered by it upon its own exceptions.

From an order holding that the defendant was entitled to a jury trial on the issues tendered and raised by the pleadings, the plaintiff appeals, assigning error.

*Jones & Jones and Tillett, Tillett & Kennedy for plaintiff.*
*George B. Patton and Edwards & Leatherwood for defendant.*

STACY, C. J., after stating the case: It may be conceded that up to the time plaintiff filed his exceptions to the report of the referee, the defendant had preserved its right to a jury trial, as an examination of the record discloses that ojection was duly entered to the order of reference, and, on the coming in of the referee's report, exceptions were filed thereto in apt time, appropriate issues properly tendered, and a jury trial demanded on the issues thus tendered and raised by the pleadings. *Brown v. Broadhurst,* 197 N. C., 738, 150 S. E., 355.

The appeal, therefore, presents the single question as to whether the defendant, under the circumstances disclosed by the record, waived its right to a jury trial simply because it failed to tender issues on the plaintiff's exceptions. We think not, as appropriate issues had already been tendered on the defendant's exceptions, and it would serve no useful purpose to require their virtual retender, *cessante ratione cessat et lex.*

True, it has been held by us that when a compulsory reference is ordered, the party who would preserve the right to have the issues found by a jury, must duly except to the order of reference, and, on the coming in of the referee's report, if it be adverse, he must file exceptions thereto in apt time, properly tender appropriate issues, and demand a jury trial on each of the issues thus tendered; and, if the referee's report be in his favor, he must seasonably tender issues on the exceptions, if any, filed to the report by the adverse party, and demand a jury trial thereon, or else the right to have the controverted facts determined by a jury will be deemed to be waived, so far as he is concerned. *Jenkins v. Parker,* 192 N. C., 188, 134 S. E., 419; *Baker v. Edwards,* 176 N. C., 229, 97 S. E., 16; *Driller Co. v. Worth,* 117 N. C., 515, 23 S. E., 427, *S. c.,* 118 N. C., 746, 24 S. E., 517.

But in the instant case, the report of the referee was not satisfactory to either party. It was adverse to the defendant and only partially favorable to the plaintiff. Both sides filed exceptions to it. Hence the rule requiring a party to tender issues on the exceptions filed by his adversary and demand a jury trial thereon, in order to preserve his right to have the contested matters settled by a jury, would not apply, for appropriate issues raised by the pleadings had already been ten-

dered on the defendant's exceptions and a jury trial demanded thereon. This was held to be sufficient in *Keerl v. Hayes,* 166 N. C., 553, 82 S. E., 861. When the reason of any particular rule ceases, the rule itself ceases.

Compulsory references are authorized in certain instances by C. S., 573, but when such a reference is ordered under the statute neither party is deprived of his constitutional right to a trial by jury of the issues of fact arising on the pleadings. It is provided, however, that "such trial shall be only upon the written evidence taken before the referee." This refers to the testimony of all the witnesses taken down by the referee, or under his direction, signed by them, and returned to the court as a part of the record in the cause as required by C. S., 577. But the report of the referee, consisting of his findings of fact and conclusions of law, would not be competent as evidence before the jury. *Bradshaw v. Lumber Co.,* 172 N. C., 219, 90 S. E., 146.

It has been said, however, that where an amendment to the pleadings is allowed, after the report is in, containing an additional charge, the parties ought to be allowed to offer evidence before the jury as to such charge, for it was not embraced in the reference. *Moore v. Westbrook,* 156 N. C., 482, 72 S. E., 482.

This restriction that the trial before the jury shall be only upon the written evidence taken before the referee (adopted in 1897, repealed in 1917, and reënacted in 1919) was not in the law at the time *Driller Co. v. Worth, supra,* was decided, 1895. But the reasonableness of the rules laid down in that case, and followed in many others, has never been questioned. *Trust Co. v. Jenkins,* 196 N. C., 428, 146 S. E., 68.

It may be adduced from the authorities that a party who would preserve his right to a jury trial in a compulsory reference should observe the following procedure:

1. Object to the order of reference at the time it is made. *Driller Co. v. Worth, supra; Ogden v. Land Co.,* 146 N. C., 443, 59 S. E., 1027.

2. On the coming in of the report of the referee, if it be adverse, file exceptions in apt time to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. *Wilson v. Featherstone,* 120 N. C., 446, 27 S. E., 124; *Yelverton v. Coley,* 101 N. C., 248, 7 S. E., 672.

3. If the report of the referee be favorable and unobjectionable, tender appropriate issues based on the facts pointed out in the exceptions, if any, filed to the report by the adverse party and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. *Jenkins v. Parker, supra; Baker v. Edwards,* 176 N. C., 229, 97 S. E., 16; *Robinson v. Johnson,* 174 N. C., 232, 93 S. E., 743.

· 4. If the report of the referee be not wholly favorable to either party and both sides file exceptions thereto, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. But if a jury trial be insured on the determinative issues raised by the pleadings, as in the instant case, by tendering appropriate issues based on the facts pointed out in one set of exceptions and by demanding a jury trial thereon, the retender of said issues based on facts pointed out in the other set of exceptions and a jury trial demanded thereon need· not be made. *Keerl v. Hayes, supra.*

A failure to observe any one of these requirements may constitute a waiver of the party's right to have the controverted matters submitted to a jury and authorize the judge to pass upon the exceptions without the aid of a jury, for it has been held that although a party duly enters his objection to a compulsory reference, he may yet waive his right to a jury trial by failing to assert such right definitely and specifically in each exception to the referee's report, and by failing to tender the proper issues. *Robinson v. Johnson, supra; Alley v. Rogers,* 170 N. C., 538, 87 S. E., 326.

For a valuable treatment of the subject and statement of the rules applicable, see McIntosh's North Carolina Practice and Procedure in Civil Cases, 567, *et seq.*

There was no error in the court's ruling.

Affirmed.