JAMES W. BROWN v. E. H. CLEMENT COMPANY.

(Filed 2 February, 1940.)

1. **Contracts § 21: Master and Servant § 9—Complaint held to allege contract, breach by defendant and damages, and demurrer thereto was properly overruled.**

   The complaint in this action alleged in effect that defendant employed plaintiff to perform certain of the construction work on buildings let under contract to defendant, plaintiff to be paid upon a salary basis plus a percentage of the net profits earned in the performance of the construction contract, that the contract was verbally extended to other buildings let to defendant by the same corporation, that plaintiff fully performed the services agreed upon, but that defendant had breached the contract by failing to pay plaintiff his percentage of the net profits earned in the construction of the buildings included in the contract by the parol agreement. *Held:* Defendant's demurrer on the ground that the complaint failed to state a cause of action was properly overruled.

2. **Contracts § 23—**

   Evidence *held* sufficient to sustain, *prima facie,* allegations of complaint stating cause of action for breach of contract.

3. **Reference § 3—**

   A plea in bar such as to preclude an order of compulsory reference is one that goes to the entire controversy and which, if found in favor of the pleader, bars the entire cause of action and puts an end to the case.

**4. Same—Matter pleaded held not to bar entire cause and therefore not to preclude compulsory reference.**

This cause of action was instituted to recover a percentage of the net profits earned in the construction of two certain buildings, plaintiff alleging that he was entitled thereto upon the completion of the buildings under terms of his contract of employment with defendant contractor. Defendant pleaded a receipt signed by plaintiff in full satisfaction of all work and labor done by plaintiff or under his supervision, which receipt was executed after completion of one of the buildings but ten months prior to the completion of the other building. *Held:* No amount could be due plaintiff under the profit sharing contract in the construction of each building until the completion of the building and the ascertainment of the net profit earned in its construction, and therefore the receipt could not bar plaintiff's claim to a percentage of the net profits derived from the construction of the building completed subsequent to the execution of the receipt, and therefore the receipt is not a bar to plaintiff's entire cause of action and does not preclude the court from ordering a compulsory reference.

**5. Reference § 13—Procedure necessary to preserve right to trial by jury upon appeal in compulsory reference.**

While the parties to a compulsory reference must except to the order of reference, make exceptions to the findings of fact of the referee, and demand a jury trial and tender issues under such exceptions in order to preserve their right to a jury trial, it is not required that the demand and tender of issues be physically made immediately under each exception, it being sufficient if contemporaneously with the filing of exceptions, issues raised by the pleadings are tendered based on the exceptions to the referee's findings and related thereto by the number of the exceptions and the number of the finding to which it was taken, and a jury trial demanded as to each of such issues.

APPEAL by defendant from *Olive, Special Judge,* at April Term, 1939, of DURHAM. Reversed.

Civil action to recover compensation alleged to be due for services rendered under contract.

The defendant corporation is engaged in the building construction business. In contemplation of bidding for the contract for the construction of the buildings to be erected by Duke University in its building program, begun about the year 1927, the defendant approached the plaintiff to procure his services as a foreman to supervise the rubble stone work in connection with the buildings and requested plaintiff not to make any bids for such work but to coöperate with the defendant.

From time to time the defendant submitted bids to the Duke Construction Company and received contracts for the erection of the stone masonry work in the Hospital and Medical School Building, Group C. Dormitory Building, Union Building, School of Religion, Library, Auditorium and Classroom, Group A. Dormitory, Group B. Dormitory, Law

Building, Botany and Zoology Building, A and B Extensions, Physics,. Chemistry, Stage Addition, Nurses' Home, Gymnasium and Chapel.

The first contract provided for the stone masonry work on the Hospital and Medical Building, Group C. Dormitory Building and Union Building. On 14 January, 1928, defendant entered into a contract with the plaintiff to pay him $350.00 per month salary and one-sixth of the net profits received by the defendant for the said work, the net profits to be arrived at as stipulated in the contract. On 4 September, 1928, the defendant received a contract for the stone masonry work to be done on the School of Religion, Library, and Auditorium and Class Room. The defendant's contract with the plaintiff was extended to embrace these buildings by letter. The defendant then received contract for the stone masonry work to be done on Group A. Dormitory, Group B. Dormitory and the Law Building. Its contract with the plaintiff was extended by letter to include these buildings. Upon receipt of the last letter extending his contract plaintiff advised an agent of the defendant that his contract with the defendant embraced all buildings which should be let by contract to the defendant by the Duke Construction Company and that it was needless for the defendant to write him a letter upon the execution of each contract it might make with the Duke Construction Company.

Thereafter, the defendant received contract from the Duke Construction Company for the erection of the Botany, Zoology, A and B Extension, Chemistry and Stage Addition Buildings, and still later received a contract for the erection of Duke Chapel and Gymnasium.

The plaintiff alleges that his contract with the defendant was orally extended to embrace the buildings enumerated in the last two contracts between the defendant and the Duke Construction Company and that he did all the rubble stone masonry and limestone setting on each and every building included therein. He further alleges that he has been paid his full compensation including both salary and interest in the net profits in respect to each and every building constructed by the defendant except the Duke Chapel, the Gymnasium Building and the Nurses' Home, but that his work on the Nurses' Home was done under a separate contract for which he is not entitled to compensation under the terms of the original contract as renewed from time to time. Having been paid his salary he instituted this action to recover $16,382.65 as representing one-sixth of the net profit on the Duke Chapel Building and $2,420.84 as representing one-sixth of the net profit on the Gymnasium Building, together with $43.29 error in the settlement for the other buildings.

The defendant denies that the original contract was extended to include Duke Chapel and the Gymnasium and alleges that it has made full settlement with the plaintiff for all amounts due him under his contract

of participation in the net profits derived from the buildings which were embraced in the contract. It further alleges, and pleads in bar, that the plaintiff, on 4 April, 1931, executed and delivered to the defendant a receipt in full settlement of all claims and demands for or on account of his profit-sharing interest in all work and labor done by him or under his supervision upon or in connection with the buildings of Duke University.

It likewise sets up a counterclaim in the amount of $500 represented by note dated 1 March, 1932.

The Gymnasium Building was completed prior to the execution of the release or receipt set up and pleaded in the defendant's further answer and the Chapel Building was completed some ten months thereafter. Under the contract, the one-sixth interest in the net profits payable to the plaintiff was made payable after the completion of the work on such buildings.

At the January Term, 1938, Hamilton, J., found that on the allegations contained in the pleadings it appeared that: "The issues arising upon the pleadings concern the performance of several construction contracts and a division of profits growing out of the performance of such contracts and the examination of a long account between the parties" and entered an order of compulsory reference. The defendant duly excepted thereto.

After hearing the evidence the referee filed his report in which he concluded that plaintiff was not entitled to any compensation on any building which was completed prior to 4 April, 1931, the date of the receipt in full settlement signed by the plaintiff; that the plaintiff was entitled to judgment in the sum of $16,382.65 in final settlement of the amount due him on the Chapel Building and that the defendant is entitled to judgment in the sum of $500 with interest on the note of plaintiff to defendant pleaded in defendant's further answer. The defendant filed exceptions: (1) to specific finding of fact by referee; (2) to failure of the referee to find certain specific facts; (3) to certain specific conclusions of law made by the referee; (4) to the failure of the referee to allow the defendant's motion of judgment as of nonsuit duly renewed at the conclusion of all the evidence.

In the same paper writing immediately following the exceptions entered the defendant tendered issues and demanded trial by jury on each objection and exception covered by the issues submitted. The issues tendered are made to relate to specific findings of fact.

The plaintiff moved the court to deny a trial by jury for the reasons assigned in the motion.

After further hearings and argument the court, "being of the opinion that the defendant had waived its right to a jury trial, for that the

defendant has failed to tender issues upon its exceptions in accordance with the practice and procedure in cases of compulsory reference, and by failing to assert its right to a trial by jury definitely and specifically under each exception to the referee's report" denied plaintiff's demand for a jury trial. The court likewise overruled the defendant's demurrer *ore tenus* to the plaintiff's complaint for that the complaint does not state a cause of action. The court then entered judgment confirming, approving and adopting the findings of fact and conclusions of law made by the referee, affirmed the report and entered judgment accordingly. The defendant excepted and appealed.

*J. Elmer Long, S. C. Brawley, and Marshall T. Spears for plaintiff, appellee.*

*Hedrick & Hall and Fuller, Reade, Umstead & Fuller for defendant, appellant.*

BARNHILL, J. The defendant's demurrer *ore tenus* was properly overruled. The plaintiff alleges that the written contract between him and the defendant under which he was to receive one-sixth of the net profits derived by the defendant from the performance of its several contracts with the Duke Construction Company was orally extended to include the Chapel and Gymnasium; that he fully performed his part of the contract; that the defendant has breached the contract by failing to pay him the amount due on the Chapel and Gymnasium Buildings; and that by reason of such breach the defendant is now indebted to him in the amount alleged. This is a sufficient statement of a cause of action to repel a demurrer.

Likewise, the judgment of the court denying the defendant's motion to dismiss as of nonsuit is without error. There is sufficient evidence in the record to sustain *prima facie* the allegations in the complaint.

The defendant insists that the order of reference was improper and that its motion to vacate the same should have been allowed for the reason that its further answer contains a plea in bar. *Jones v. Wooten,* 137 N. C., 421; *Garland v. Arrowood,* 172 N. C., 591, 90 S. E., 766; *Graves v. Pritchett,* 207 N. C., 518, 177 S. E., 641; *Ward v. Sewell,* 214 N. C., 279, 199 S. E., 28.

A plea in bar which extends to the whole cause of action so as to defeat it absolutely and entirely will repel a motion for a compulsory reference and no order of reference should be entered until the issue of fact raised by the plea is first determined. To defeat a reference the plea must be such that if found in favor of the pleader it will operate to bar the entire cause of action and put an end to the case, leaving nothing further to be determined. It must be a plea that denies the plaintiff's right to maintain the action, and which, if established, will

destroy the action.  *Oldham v. Rieger,* 145 N. C., 254, and cases there cited; *Alley v. Rogers,* 170 N. C., 538, 87 S. E., 317; *Reynolds v. Morton,* 205 N. C., 491, 171 S. E., 781, and cases there cited; McIntosh, sec. 523.

The defendant expressly asserts that the contract to pay the plaintiff a percentage of the profits on certain of its contracts did not relate to or include the Gymnasium or the Chapel.  The receipt in full satisfaction pleaded in bar was signed after the completion of the Gymnasium, but ten months or more before the completion of the Chapel.  Under the contract, if it applied to the Chapel, there was nothing due to the plaintiff from net earnings on that building until after the completion of the building and the net profits were ascertained.  The receipt is in satisfaction of "all work and labor done by me or under my supervision."

In respect to this receipt the defendant assumes inconsistent positions and the contentions made are at cross purposes.  It avers that there was no contract to pay the plaintiff any part of the profits derived from the erection of the Chapel or the Gymnasium.  At the same time it insists that it was within the contemplation of the parties, when the receipt was signed, that it bound the plaintiff not to claim any further right to profits derived from the construction of either of these buildings when, at the time, there was nothing due on the Chapel.  It can hardly be said that in paying the amount which constituted the consideration for the receipt the defendant was seeking and did procure release from further liability on a contract it insists did not exist or in respect to an amount which was not then due.

It would seem that the referee properly held that this receipt was a bar to any claim of plaintiff to any further interest in the profits derived from the construction of the Gymnasium Building.  On the other hand, we are unable to conceive how any reasonable construction of the receipt, under the circumstances, would lead to the conclusion that it bars the plaintiff from any right that he may have to share in the profits earned under the contract to construct the Chapel.

As the defendant's plea in bar does not pertain to plaintiff's entire cause of action, the defendant's exception to the order of reference and its exception to the refusal of the court to vacate the reference were properly overruled.

This leaves but one further question which demands consideration. Has the defendant waived its right to a trial by jury?

Every litigant has the right to have the issues of fact raised by the pleadings and the evidence offered in support thereof determined by a jury.  But this right may be waived.  *Stacy, C. J.,* speaking for the Court in *Booker v. Highlands,* 198 N. C., 282, 151 S. E., 635, clearly and concisely states the procedure which must be pursued in a compulsory reference in order to preserve the right to a trial by jury as follows:

"It may be adduced from the authorities that a party who would preserve his right to a jury trial in a compulsory reference should observe the following procedure:

"1. Object to the order of reference at the time it is made. *Driller Co. v. Worth, supra* (117 N. C., 515); *Ogden v. Land Co.,* 146 N. C., 443, 59 S. E., 1027.

"2. On the coming in of the report of the reference, if it be adverse, file exceptions in apt time to particular findings of fact made by the referee, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. *Wilson v. Featherstone,* 120 N. C., 446, 27 S. E., 124; *Yelverton v. Coley,* 101 N. C., 248, 7 S. E., 672.

"3. If the report of the referee be favorable and unobjectionable, tender appropriate issues based on the facts pointed out in the exceptions, if any, filed to the report by the adverse party and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. *Jenkins v. Parker, supra* (192 N. C., 188); *Baker v. Edwards,* 176 N. C., 229, 97 S. E., 16; *Robinson v. Johnson,* 174 N. C., 232, 93 S. E., 743.

"4. If the report of the referee be not wholly favorable to either party and both sides file exceptions thereto, tender appropriate issues based on the facts pointed out in the exceptions and raised by the pleadings, and demand a jury trial on each of the issues thus tendered. But if a jury trial be insured on the determinative issues raised by the pleadings, as in the instant case, by tendering appropriate issues based on the facts pointed out in one set of exceptions and by demanding a jury trial thereon, the retender of said issues based on facts pointed out in the other set of exceptions and a jury trial demanded thereon need not be made. *Keerl v. Hayes, supra* (166 N. C., 553.)

"A failure to observe any one of these requirements may constitute a waiver of the party's right to have the controverted matters submitted to a jury and authorize the judge to pass upon the exceptions without the aid of a jury." McIntosh, sec. 525.

The plaintiff contends that the defendant has waived his right to trial by jury by reason of the fact that in each exception filed by it there was no specific and definite demand for a jury trial followed immediately by an issue tendered thereon and that its demand for a jury trial comes *too* late at the end of its exceptions.

This Court has consistently held that in a reference case a litigant who desires to preserve his right to a trial by jury must tender appropriate issues under the exceptions to the referee's report. Such confusion as exists arises from the interpretation of the word "under" as used in these decisions to mean physically under and immediately below

the exception rather than as meaning "arising upon and relating to" the finding which is the subject of the exceptive assignment of error. Thus the plaintiff interprets the rule. This is a construction which assumes that the language of the opinions relates solely to the mechanics of the procedure.

If the plaintiff's position is to be sustained it will make the practice in reference cases, when a party seeks to preserve his right to a jury trial, extremely technical and burdensome. It would convert the issues into questions of fact raised by the report rather than issues of fact raised by the pleadings or, in many instances, require numerous repetitions of the same issue. This is not the intent or the purpose of the former decisions of this Court.

Notwithstanding an order of reference, a determination of the issues of fact raised by the pleadings and evidence in the cause remains as the primary purpose. A jury trial does not extend to every finding of fact made by the referee and excepted to by the parties, but only to issues of fact raised by the pleadings and passed upon by the referee. McIntosh, sec. 525. Questions of fact may not be substituted for issues merely because there is a controversy, as disclosed by the exceptions, as to what the facts are. McIntosh, sec. 525 (4).

Every fact found by the referee, if pertinent, relevant and material, necessarily relates to one of the controverted issues of fact. Correctly interpreted, the rule simply requires the litigant who seeks to preserve his right to trial by jury to tender issues raised by the pleadings based on the facts pointed out in the exceptions, and, as to each issue, to definitely and specifically demand a jury trial thereon, and further, by specific reference, to relate the issue to his exceptions to the findings of fact which bear upon and relate to that particular issue.

An examination of the record discloses that the defendant sufficiently complied with this rule. Immediately after his exceptions and as a part of the same paper writing the following appears.

"Upon the foregoing objections and exceptions to the referee's report, the defendant tenders the following issues and demands trial by jury on each objection and exception covered by the issues herewith submitted and as to all other objections and exceptions the defendant asks that each and every objection and exception be determined by the court.

"The defendant tenders issues upon the exceptions to the findings of fact by the referee as follows:"

As illustrative of the issues tendered we quote:

"EXCEPTION No. 7 TO FINDING OF FACT No. 9.

"Defendant has lodged its motion to strike findings of fact No. 9, but if motion is overruled then the defendant reserves the right to submit and does submit the issue, as follows:

"ISSUE: Did the defendant enter into an agreement by which the defendant would employ the plaintiff as foreman of rubble stone masonry and cut stone work and give him a share in the profits derived from all buildings constructed on Duke University Campus ?"

"EXCEPTION No. 16 TO FINDING OF FACT No. 20.
"ISSUE: Did the defendant agree that the contract dated January 14, 1928, should apply to the contracts covering the Gymnasium and Chapel ?"

Thus, it appears that the defendant has definitely and specifically demanded a jury trial on exceptions to particular findings of fact made by the referee and has tendered appropriate issues thereon raised by the pleadings, contemporaneously with the filing of the exceptions, giving plaintiff full notice of the facts to be submitted to the jury. When this is done it cannot be fairly said that his demand comes too late. To demand more would impose an unnecessary burden and constitute a resort to useless technicalities—to require less might lead to confusion. The whole purpose of the rule is to clarify and make certain that part of the controversy which is to be submitted to the jury—not to prescribe complex technical procedure with which it is difficult to comply.

The position here assumed is not in conflict with *Gurganus v. McLawhorn,* 212 N. C., 397, 193 S. E., 844. There general issues were tendered, some of which did not arise on the pleadings, without any pretense of relating them to the exceptions to the findings of fact.

The judgment below is
Reversed.