### A. C. WARD v. H. P. SEWELL.

(Filed 12 October, 1938.)

**Reference § 3—Pleas in bar must be determined before order of reference may be made.**

> Pleas in bar must be determined in a cause before an order of reference may be made, and when notwithstanding such pleas a compulsory reference is ordered, the Supreme Court on appeal need not consider the debated question of whether plaintiff waived jury trial upon his exceptions to the referee's report by failure to tender proper issues upon the exceptions, since such reference must be eventually set aside, and the order of reference is vacated and the cause remanded for further proceedings according to law.

APPEAL by plaintiff from *Williams, J.,* at May Term, 1938, of BERTIE.

Civil action (1) to restrain foreclosure of mortgage, and (2) for accountings of two partnerships.

Plaintiff seeks to enjoin foreclosure of mortgage executed 16 January, 1920, to secure note of $4,000 due 1 January, 1921, upon pleas of payment and the statute of limitations. He also asks for accountings of two partnerships, one existing during the year 1920, and the other over the years 1922-1930.

The defendant pleaded in defense and by way of counterclaim full settlement and satisfaction had in January, 1936, the plaintiff agreeing at that time to pay the defendant $3,000, the balance ascertained to be due on his mortgage note.

There was an order of compulsory reference to which both parties duly objected, excepted and reserved their rights to a jury trial. When the matter was called for hearing before the referee, the plaintiff and

defendant each renewed his objection to the compulsory reference, tendered issues, and demanded a jury trial.

The referee found with the defendant on his plea of settlement.

Upon the coming in of the report of the referee, the plaintiff filed exceptions, tendered an issue upon his plea of payment and also one of indebtedness arising out of the two partnerships, and demanded a jury trial upon the issues thus tendered.

The court being of opinion that "the plaintiff has waived his right to a jury trial upon the issues in this cause by failure to tender proper issues upon each exception made to the report of the referee," entered judgment that plaintiff's motion for a jury trial be denied and that the cause be retained for rulings by the court upon exceptions filed to the report of the referee. From this ruling the plaintiff appeals, assigning error.

*J. H. Matthews* for plaintiff, appellant.
*J. A. Pritchett* and *Gillam & Spruill* for defendant, appellee.

STACY, C. J. It hardly seems worth while to debate the question whether plaintiff has waived his right to a jury trial by failure to tender proper issues upon his exceptions to the report of the referee when it appears on the face of the record that a compulsory reference was ordered without first disposing of the pleas in bar. *Graves v. Pritchett,* 207 N. C., 518, 177 S. E., 641; McIntosh N. C. Prac. and Proc., 564. Why engage in the fruitless task of deciding a question of procedure in a reference which eventually must be set aside? *Pritchett v. Supply Co.,* 153 N. C., 344, 69 S. E., 249.

The order of reference will be vacated and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.

Remanded.