FELIX WILLIAMS (SINCE DECEASED), W. T. ALSTON AND RALPH ALSTON,
   ADMINISTRATOR OF FELIX WILLIAMS, v. ANGIE H. ROBERTSON,
   A. J. ELLINGTON AND WIFE, UNDINE D. ELLINGTON.

(Filed 7 March, 1951.)

**1. Reference § 4—**

   Where defendant pleads a statute of limitations, it is error for the
   court to order a compulsory reference without first disposing of the plea
   in bar.

**2. Reference § 3—**

   An action in ejectment in which defendants plead the twenty (G.S. 1-39,
   G.S. 1-40) and the seven (G.S. 1-38) year statutes of limitation is not
   subject to compulsory reference. G.S. 1-189.

APPEAL by defendants from *Nimocks, J.,* September Term, 1950, of
WARREN.

Felix Williams, the original plaintiff, instituted this action in eject-
ment against the defendants, alleging he was the owner of a tract of land
in the possession of defendants. Defendants' answer denied the allega-
tions of the complaint, and pleaded the twenty-year statutes of limita-
tions, G.S. 1-39 and 1-40, as a bar to the plaintiff's claim.

Thereafter Felix Williams died and W. T. Alston purchased his
alleged title from his heirs, filing an amended complaint alleging title
in himself. The defendants filed answer denying his title and again
pleading the above statutes of limitations. By leave of court they later
pleaded the seven-year statute, G.S. 1-38.

The case came on for trial and after hearing the testimony of one
witness, the court ordered a compulsory reference. The plaintiffs and
the defendants excepted. Defendants appealed to the Supreme Court,
assigning error.

*Kerr & Kerr and James D. Gilliland for plaintiffs, appellees.*
*Banzet & Banzet for defendants, appellants.*

DENNY, J. It appears on the face of the record that a compulsory
reference was ordered without first disposing of the pleas in bar. This
was error and the appellees so concede. *Grady v. Parker,* 230 N.C. 166,
52 S.E. 2d 273; *Ward v. Sewell,* 214 N.C. 279, 199 S.E. 28; *Graves v.
Pritchett,* 207 N.C. 518, 177 S.E. 641; McIntosh N. C. Prac. and Proc.,
section 523, p. 564.

Furthermore, the issues involved and the relief sought in this action,
do not appear to be such as to justify or support an order of reference
pursuant to the provisions of the statute, G.S. 1-189.

The order of reference will be vacated and the cause remanded for further proceedings in accord with the rights of the respective parties.

Error and remanded.