COIN MACHINE ACCEPTANCE CORPORATION, PLAINTIFF, v. SAM PILLMAN, DEFENDANT.

(Filed 19 March, 1952.)

**1. Chattel Mortgages and Conditional Sales § 17—**

A complaint alleging that plaintiff is entitled to recover a stipulated sum as the holder in due course of a conditional sales contract executed by defendant is not demurrable for failure of the complaint to allege that plaintiff is also the owner of the note or notes secured thereby.

**2. Reference § 3—**

The Superior Court is without authority to order a compulsory reference in an action seeking to recover a specified amount alleged to be due plaintiff from defendant under the terms of a conditional sales contract, no equitable relief being sought. G.S. 1-189.

APPEAL by defendant from *Burgwyn, Special Judge,* October Term, 1951, of HERTFORD.

The plaintiff instituted this action against the defendant to recover the sum of $10,450.09 and interest alleged to be due and owing to the plaintiff as the holder in due course of a conditional sales contract alleged to have been executed and delivered by the defendant to Harvey Distributing Company, Inc., and assigned to the plaintiff for value and before maturity. Claim and delivery was issued at the time of the institution of the action for possession of the personal property to which title had been retained in the conditional sales agreement. The property was seized by the sheriff of Hertford County and the defendant filed bond as required by the statute and retained possession thereof. The defendant, thereafter, filed an answer to the complaint in which he denied the execution of the conditional sales agreement, denied that such conditional sales contract was assigned to the plaintiff, denied that plaintiff was entitled to the possession of the personal property seized; admitted that he had made no payment to the plaintiff and denied that he was indebted to the plaintiff as a holder of such conditional sales contract in any amount.

When this cause came on for hearing at the April Term, 1951, of the Superior Court of Hertford County, a compulsory reference was ordered by the court to which order both the plaintiff and defendant excepted.

When the hearing was held before the referee, the defendant demurred *ore tenus* on the ground that the complaint did not state a cause of action. The demurrer was overruled. The defendant filed exceptions to the referee's report and tendered certain issues.

The cause came on to be heard at the October Term, 1951, of the Superior Court of Hertford County. The defendant moved to strike out the complaint and to dismiss the action on the ground that the complaint was not properly verified. The motion was denied. The case was submitted to the jury on the evidence introduced before the referee which resulted in a verdict for the plaintiff. Judgment was entered accordingly and from which the defendant appeals, assigning error.

*Jones & Jones and John R. Jenkins, Jr., for defendant, appellant.*

*Joseph D. Blythe, W. D. Boone, and Stuart A. Curtis for plaintiff, appellee.*

DENNY, J. The defendant interposed a demurrer *ore tenus* in this Court on the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendant.

Among the grounds upon which the defendant contends the demurrer should be sustained is the fact that the complaint does not allege that the plaintiff is the owner of the note or notes secured by the conditional sales agreement. As a matter of fact, it does not appear on the face of the complaint that any note or notes were executed in connection with the

conditional sales agreement upon which the action is bottomed. The demurrer is without merit and will not be sustained. However, the plaintiff may desire to recast its pleadings so as to allege that it is the owner and holder for value and in due course of any note or notes secured by the conditional sales agreement.

The defendant presents a more serious question by his exception to the order of compulsory reference. The relief which the plaintiff seeks in the instant action and the issues raised on the pleadings, are not such as to authorize a compulsory reference within the purview of G.S. 1-189. *Alston v. Robertson,* 233 N.C. 309, 63 S.E. 2d 632.

The plaintiff contends, however, that the court may, in the exercise of its equitable powers, order a reference irrespective of the provisions contained in G.S. 1-189, citing North Carolina Practice and Procedure by McIntosh, section 525, page 567. Even so, there is no equitable relief involved in this action to sustain such an order. The defendant is entitled to a new trial and it is so ordered.

New trial.