## COMMERCIAL FINANCE COMPANY v. LUELLA R. CULLER and HOOTS MOTOR COMPANY.

(Filed 6 January, 1953.)

**Reference § 3—**

> An action on a note given to finance an automobile, in which all payments alleged by defendant are admitted by plaintiff, does not involve a long account with charges and discharges as contemplated in G.S. 1-189 and is not subject to compulsory reference notwithstanding further counterclaims for usury and damage for the mortgagee's alleged breach of his agreement to procure insurance on the car.

APPEAL by defendant Luella R. Culler from *Rousseau, J.,* April Term, 1952, of FORSYTH.

The plaintiff instituted this action to recover the sum of $362.65 alleged to be due and owing to the plaintiff as the holder of a note executed by the defendant Luella R. Culler to the plaintiff on 28 December, 1950, in the sum of $638.50, and secured by a chattel mortgage of even date, on a 1947 Kaiser Fordor Sedan. Demand for payment of the note is alleged to have been made and refused. A writ of claim and delivery was issued at the time of the institution of the action for the possession of the automobile described in the chattel mortgage, but the car being in the possession of the defendant Hoots Motor Company as bailee of the defendant Luella R. Culler, the possession thereof has not been taken under the writ.

According to the allegations of the answer filed by the defendant Luella R. Culler, she purchased a Kaiser automobile on or about the 27th day

of July, 1949, and in order to complete the transaction she obtained a loan of $900.00 from the plaintiff. She alleges that she executed her note, secured by a chattel mortgage, on the automobile in the sum of $1,340.85 to the plaintiff; that it was understood and agreed that the sum of $440.85 included in the note was for carrying charges over a period of 21 months, including a $75.00 deductible insurance policy on the automobile to protect her against loss in the event the automobile became damaged as a consequence of any collision or traffic accident.

It is admitted that the appellant borrowed an additional $100.00 from the plaintiff on 28 December, 1950, but she denies the execution of any agreement at that time or any other time to pay the plaintiff the sum of $638.50, or that she signed any chattel mortgage on said date. She alleges, however, that on 28 December, 1950, she was again advised that the insurance on her car was in full force and that the policy thereon would expire 27 May, 1951; that the defendant's car was in a collision on or about 17 March, 1951 and damaged to the extent of $440.00; that the plaintiff was promptly informed of the collision and requested to notify the insurance company; that the plaintiff then advised her that no insurance had been obtained on her car and none was in force at the time of the collision, and that her loss was not covered in any way.

The appellant denies that she is indebted to the plaintiff in any amount, and by way of further answer, setoff, and counterclaim pleads certain payments, giving the date and amount of each, totaling $960.50, and the plaintiff in its reply admits the receipt of such payments. The appellant set up a claim for damages in the sum of $440.00, resulting from the failure of the plaintiff to have her car covered by insurance in accord with the alleged agreement, and a claim for usury charged and collected in the amount of $388.00, and prays the court for judgment against the plaintiff for $440.00 in compensatory damages; for $388.00 for usury, and punitive damages in the sum of $10,000.

During the progress of the trial, the court, on its own motion, entered an order of compulsory reference as to all issues raised by the pleadings, both of fact and law, on the ground that the controversy "requires the examination of long accounts and a series of transactions between the parties, and that the controversy is so involved that it cannot be readily presented to a jury."

The defendant Luella R. Culler appeals and assigns error.

*William S. Mitchell for plaintiff, appellee.*
*Eugene H. Phillips for defendant, appellant.*

DENNY, J. A compulsory reference is not authorized on the ground that the trial requires the examination of long accounts in an action

instituted to recover on a promissory note or an account where the receipt of each and every payment alleged to have been made thereon is admitted. *Acceptance Corp. v. Pillman,* 235 N.C. 295, 69 S.E. 2d 563; *Lee v. Thornton,* 176 N.C. 208, 97 S.E. 23; *Peyton v. Shoe Co.,* 167 N.C. 280, 83 S.E. 487; *Hall v. Craige,* 65 N.C. 51. Where numerous payments on an indebtedness have been made, the case involves only a matter of computation of figures and has none of the elements of a long account with charges and discharges, as contemplated in the statute which provides for a compulsory reference. *Hall v. Craige, supra.*

It is true that by reason of the counterclaims for usury and damages as set forth in the pleadings, this action is somewhat complicated, but these additional matters do not raise questions which may be referred under an order of compulsory reference within the purview of G.S. 1-189.

The order of compulsory reference entered below is set aside and the cause remanded for trial by jury unless otherwise disposed of by consent of the parties.

Reversed.